[DEVISE.]

WILLIAMSON and Others, Appellants, *against* DANIEL and
Others, Respondents.

An absolute bequest of certain slaves to P. H. is qualified by a subse-
quent limitation over, that if either of the testator's grand children,
P. H., or J. D. A., *should die without a lawful heir of their bodies,*
*that the other should heir its estate,* which converted the previous
estate into an estate tail: and there being no words in the will
which restrained the dying without issue to the time of the death
of the legatee, the limitation over was held to be on a contingency
too remote.

The rule of *partus sequitur ventrem* is universally followed, unless
there be something in the terms of the instrument which disposes
of the mother, separating the issue from her.

APPEAL from the Circuit Court of Georgia.

The controversy in this cause arose out of the following
clauses in the will of James Daniel : " I lend my wife twen-
ty-one negroes," naming them, and also certain lands, " du-
ring her natural life." And subsequently, " I give and be-
queath unto my grand daughter, Patsy Hendrick, three ne-
groes, viz : Joe, Parker, and Willis—*I also give her one half*
*of the negroes I have lent my wife, to her and her heirs for*
*ever.* I give and bequeath unto my grandson, Jesse Daniel
Austin, son of Betty Austin, one half of the negroes I have
lent my wife, after the death of my wife, Nancy Daniel.
Now my will is, that if either of my grand children, Patsy
Hendrick, or Jesse Daniel Austin, *should die without a law-*
*ful heir of their bodies,* that the other should heir its estate."
Jesse Daniel Austin, (now called by special act Jesse Aus-
tin Daniel,) survived Pasty Hendrick ; and after the death
of Nancy Daniel. the widow of the testator, took into pos-
session all the negroes bequeathed to her during her life.
Patsy Hendrick died about the year 1805, intestate, and
without heirs of her body. being at the time of her death an
infant about nine years old, leaving Robert Hendrick, her
father, and Louisa Hendrick, her half sister. by the father's

side, now Louisa Gibbes, one of the complainants, her next of kin. Robert Hendrick died in 1814, having first made his will, bequeathing his estate to the said Louisa, his daughter, and his wife Mary, now Mary Williamson, also a complainant. Some of the slaves, to wit, Sally and her children, were born in the lifetime of Nancy Daniel.

The Court below determined that the limitation over was too remote, and decreed or half the slaves to the representatives of Patsy Hendrick, the complainants. It also decreed that the slaves, Sally and her children, did not belong to the estate of the tenant for life. The defendants appealed to this Court.

The cause was argued by Mr. *Berrien*, for the appellants,[a] and by Mr. *Wilde*, for the respondents.

Mr. Chief Justice MARSHALL delivered the opinion of the Court.

The first bequest to Patsy Hendrick would pass the slaves therein mentioned to her absolutely, were not this absolute estate qualified by the subsequent limitation over, if either of the testator's grand children, Patsy Hendrick, or Jesse Daniel Austin, should die without a lawful heir of their bodies, that the other should heir its estate. We think these words convert the absolute estate previously given, into an estate tail; and, if so, since slaves are personal property, the limitation over is too remote.

There are no words in the will which restrain the dying without issue to the time of the death of the legatee. The remainder over is to take effect whenever either of the immediate legatees should die without a lawful heir of his or her body. The gift in remainder is a gift to the stock, and is limited over on a contingency too remote to be allowed by the policy of the law.

*1827.*

*Williamson v. Daniel.*

*March 12th*

*March 1[?]*

a *Fearne*, 445. 471. 478. 482. 485. *Prec. in Ch.* 15. 1 *P. Wms.* 534. *Prec. in Ch.* 103. 3 *P. Wms.* 253. 3 *Johns. Rep.* 289. 2 *Mass. Rep.* 56. 1 *P. Wms.* 663. 3 *Atk.* 396. 2 *Term Rep.* 720. 7 *Term Rep.* 585. 8 *Ves.* 11. 17 *Ves.* 479.

The second point is, we believe, well settled. The issue is, we believe, universally considered as following the mother, unless they be separated from each other by the terms of the instrument which disposes of the mother.

Decree affirmed, with costs.