Richardson v. Paige.

CLARK F. RICHARDSON v. WILBUR F. PAIGE AND TRUSTEES, EXECUTORS OF S. F. PAIGE.

*Will. Contingent Life Estate. Trustee Process.*

A will contained the following: "I give, &c., to my son, W. F. Paige, one equal undivided half of all the residue of my estate, both real and personal. To have, &c., . . . his heirs, &c., . . . forever; subject, nevertheless, to the conditions, and provisions following, which are hereby made for the contingent benefit of Alice Paige, wife of the said W. F. Paige; to wit, in case the said W. F. shall die leaving the said Alice surviving him, . . . the said Alice shall have the use of the entire share or legacy; . . . or so much as shall remain on hand at the time of his decease; and, also, the avails of so much thereof as shall have been converted into money or other property; and the same shall be held and enjoyed by the said Alice, and appropriated towards

the necessary support and maintenance of any child . . . of W. F. and Alice, if any such there shall be, so long, and so long only, as the said Alice shall remain the widow of the said W. F. And at the decease of said Alice, or in the event she shall marry again, then, and in either event," the remainder of the property was to go to the testator's heirs. On a suit being brought by a creditor of W. F. Paige to attach by trustee process the property or legacy, *Held*, that W. F. Paige was only entitled to the use and income of the property during his life; and that Alice, his wife, took a contingent life-estate.

HEARD on an agreed statement of facts, at the September Term, 1879, DUNTON, J., presiding. The court decided that the trustees were chargeable.

AGREED STATEMENT.

The trustees are the executors of the estate of Sylvester F. Paige, deceased. The defendant is the son of said Sylvester F. (The provisions of the will are sufficiently stated in the opinion of the court.)

The will has been duly proved. Alice Paige, named in the will, the wife of the defendant, is living, and she and said defendant have one child living. There has been no order of distribution of said estate by the Probate Court, and the share of the defendant, or his wife, or children, has not been ascertained.

The defendant was indebted to the said Sylvester F. Paige at the time of his death in the sum of about three thousand dollars, which has never been paid. Since their appointment the said executors have let the defendant have four hundred dollars of the money of the estate and taken his notes therefor, one hundred dollars of which sum they have let the defendant have and taken his notes for, since this suit was commenced.

It is agreed that if by the terms of said will the said Wilbur F. Paige is entitled to have decreed to him, absolutely and without any restrictions, the said " equal undivided half of all the residue of my estate, both real and personal," then the amount in the hands of said alleged trustees as executors, as aforesaid, belonging to said Wilbur F., is sufficient to pay the plaintiff's claim in this case. Also that if said Wilbur F. Paige is not entitled to said equal and undivided half absolutely, but is entitled to have paid to him the income of said equal undvided half from and after the decease of said testator, then it is agreed that said trustees may be adjudged chargeable, as executors, as aforesaid, for such an amount, but not greater than the plaintiff's claim, as shall be found in the hands of said trustees as the income of said " equal undivided half " upon settlement of said estate in the Probate Court, after applying said income so far as necessary in the liquidation

of whatever may be the indebtedness of said Wilbur F., to said estate, and said executors at the time this suit was brought. And it is further stipulated if the court shall adjudge the trustees chargeable for either principal or income of said legacy under the facts aforesaid, then the proper judgment, affirming or reversing the judgment of the County Court, shall be rendered that the case may go before a commissioner as provided in section nineteen of chapter thirty-four of the General Statutes.

*Prout & Walker*, for the trustees.

It is clear that W. F. Paige did not take an absolute and unconditional gift. The intention of the testator must govern. Lord ROMILLY, in *Wood* v. *Wood*, 4 L. R. Eq. Cas. 54; *Hibbard* v. *Hibbard*, 10 Vt. 173; 1 Bro. C. C. 142.

The gift to Wilbur, therefore, does not include the power or right of disposing of the share devised so as to defeat the provision made for the wife, nor is it the devise of an interest coupled with a power of sale which he has never exercised or attempted to exercise. The language of the will is not appropriate to express any such thing, and manifestly the testator intended nothing of the kind.

But further; this object and intention of Mr. Paige is not defeated by the qualifying words of the will, so to call them, and to which we have already referred. They do not give Wilbur the power of disposing of the share, or place it within the reach of his creditors. Does Alice take at the option of Wilbur? The will contains no such language. Is the share given Wilbur unconditionally? It says he shall take subject to a condition. Jarm. on Wills, (3d ed.) 497; 4 L. R. Eq. Cas. 477. In *Blamire* v. *Giddert*, 16 Ves. 316, the Master of the Rolls says: " In a will it is not material in what order the clauses are arranged. The question is, what is the effect upon the whole." *Sisson* v. *Seabury*, 1 Sumner, 242; *Hibbard* v. *Hurlburt*, 10 Vt. 177–8; *Thompson* v. *Carl*, 51 Vt. 408; *Hill* v. *Thomas*, 9 Reporter, 691.

In *Goodright* v. *Barron*, 11 East, 224, it was held that the words, freely to be possessed and enjoyed, did not show an intent to pass a fee—that they might mean freely during life, free of charge, free from impeachment of waste, or freely for all purposes

against the heir.   To the same effect is *Lloyd* v. *Jackson*, 1 L. R. (Q. B.) 578 ; *Wright* v. *Dean*, 10 Wheat. 204 ; *Wheaton et al.* v. *Andress*, 23 Wend. 452 ; *Smith* v. *Bell*, 6 Peters, 68 ; *Brant* v. *Virginia Coal & Iron Co.* 93 U. S. 326 ; *Lewis* v. *Palmer*, 46 Conn. 454 ; *Hollister* v. *Shaw*, Ib. 248.

Upon any construction the fund or share in question is beyond the reach of creditors in this process.   Wilbur has only a conditional estate or interest in the effects attempted to be charged with his debts.   *Picquet* v. *Swan*, 4 Mason, 443 ; *Exrs. of White* v. *White*, 30 Vt. 338. 

*E. J. Phelps* and *Edward Dana*, for the defendant.

The devise to the defendant W. F. Paige of " one equal undivided half of all the residue " of the estate of the testator was absolute ; and the " condition and provisions " made for the " contingent benefit of Alice," are void as being repugnant to the estate devised to said W. F. Paige.   *Ide* v. *Ide*, 5 Mass. 504.   Wherever it is the clear intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void.   PARSON, Ch. J., in *Ide* v. *Ide*, *supra*.

The same rule as to the construction of a gift in fee, or absolute gift with a limitation over, has been adopted in the following cases : *Flanders* v. *Clark*, 1 Ves. Sen. 10 ; *Merrill* v. *Emery*, 10 Pick. 507 ; *Harris* v. *Knapp*, 21 Pick. 412 ; *Burbank* v. *Whitney*, 24 Pick. 146 ; *McKenzie's Appeal*, 41 Conn. 607 ; *Bacon* v. *Woodward*, 12 Gray, 376 ; *McDonald* v. *Walgrove*, 1 Sand. Ch. 276 ; *Jackson* v. *Bull*, 10 Johns. 111 ; *Jackson* v. *Robins*, 15 Johns. 169 ; 16 Johns. 583.   See also 2 Redfield on Wills, 277.

If, then, the testator intended to give the power of disposal of the property or estate devised to the defendant, Wilbur F. Paige, the condition or limitation over is void.   That he did so intend is apparent from the language of the will ; 1st, there is nothing in the will restricting the devise to the use only ; 2d, there are no words in the will that provide for a trust estate or trustees ; 3d, the clause, " or so much thereof, as shall remain on hand," taken in connection with the language of the bequest, to said Wilbur F.,

shows conclusively that the testator intended that the devisee should have power of disposal.

The court will presume the devise is of the whole estate, unless the testator clearly intended to restrict it to the use only.

In order to have such an effect, it must appear that the words used were intended by the testator to so restrict it. *Barrett* v. *Marsh*, 126 Mass. 216 ; 1 Perry on Trusts, s. 115.

*Redington & Butler*, for the plaintiff.

As regards the construction of wills, courts ancient and modern have established the intent of the testator to be the sole object in view. 13 Ves. 111 ; 23 Vt. 330 ; Story Eq. ss. 1069, 1070, and n. 2 ; 12 Ga. 192 ; 11 Gratt. 454 ; 100 Mass. 222, 343 (1863) ; 12 Gray, 376 ; 21 Barb. 35 ; 21 Conn. 257.

Where the absolute property is first given it is not restrained by a gift over of what the first taker does not dispose of in his lifetime, or by will. *Cuthbert* v. *Purrier*, Jacobs', Rep. 416 ; *Ross* v. *Ross*, 2 Swanst. 157 ; see note 3, in *Bull* v. *Hardy*, 1 Vesey, p. 272.

Uncontrollable power of disposition amounts to an ownership, and does not raise a trust. *Harland* v. *Tripp*, 1 Bro. C. C. 143 ; *Meredith* v. *Heneage*, 1 Sim. 542 ; *Maggridge* v. *Thackwell*, 7 Ves. 82 ; *Eade* v. *Eade*, 5 Mad. 118 ; *Curtis* v. *Riyton*, 5 Mad. 434 ; Story Eq. s. 1070.

The income is several and distinct, and must be divided by the executors, and can be held by the trustee process by express statute, unless that income depends on some contingency, and if Wilbur is entitled to the income at all, it clearly does not depend upon any contingency. Gen. Sts. p. 306, s. 3 ; *Downer* v. *Topliff & Tr.*, 19 Vt. 399 ; *Ellis et al.* v. *Goodnow & Tr.*, 40 Vt. 237 ; *Downer* v. *Curtis & Tr.*, 25 Vt. 650 ; *Hart* v. *Christie*, 51 Vt. 48. The interest is several and distinct. *Piper* v. *Hanley*, 48 Vt. 479 ; *Bartlett* v. *Wood*, 32 Vt. 372.

The opinion of the court was delivered by

REDFIELD, J. The property in question has been attached by trustee process, by a creditor of Wilbur F. Paige, the principal

debtor; and the question is submitted, whether it be subject to such attachment.

Wilbur F. Paige derives his title to the property by the will of his father, which is expressed in the following words:

"I give, &c., to my son Wilbur F. Paige, one equal undivided half of all the residue of my estate, both real and personal. To have and to hold to him the said Wilbur F. Paige, his heirs, executors, administrators and assigns forever; subject, nevertheless, to the conditions and provisions following, which are hereby made for the contingent benefit of Alice Paige, wife of the said Wilbur F. Paige; to wit, in case the said Wilbur F. shall die leaving the said Alice surviving him, then, in that case, it is my will that said Alice shall have the use of the entire share, or legacy hereby bequeathed to him the said Wilbur F., or so much as shall remain on hand at the time of his decease; and also the avails of so much thereof as shall have been converted into money, or other property; and the same shall be held and enjoyed by the said Alice, and appropriated towards the necessary support, and maintenance of any child, or children of said Wilbur F. and Alice, if any such there shall be, so long, and so long only, as the said Alice shall remain the widow of the said Wilbur F. And at the decease of said Alice, or in the event she shall marry again, then, and in either event, it is my will that said share, or so much as shall remain on hand, or the avails thereof, shall descend to, and vest in the legal heirs of the said Wilbur F. Paige, as herein before set forth."

The bequest is the absolute and entire fee to Wilbur F., his heirs, executors, administrators and assigns forever, subject, nevertheless, to all the provisions made in the same instrument, for the contingent benefit of Alice.

In the great number and variety of adjudged cases that have come to our notice, the language of each bequest differs somewhat from that of others. But all the cases agree, that the intent of the testator is to be ascertained and followed, in giving construction to a will. And as was said by Lord Chancellor ERSKINE, in *Hixon* v. *Oliver*, 13 Ves. 111, "this is a question of *intention*, which the court can get at only by the words of the will."

It is to be noticed that the bequest to Wilbur F. is, in express language, made subject to the right and interest in the same property, and by the same instrument, bequeathed to his wife Alice;

and the counsel for the plaintiff rely solely upon the language used by the testator in defining the bequest to Alice ; so that whatever estate is carved out of this property, for the benefit of Alice, is not, and cannot be, repugnant to, or inconsistent with, the bequest to Wilbur F. ; for, that, by express words, is made subject to the provision, made in said will, " for the contingent benefit of Alice." A large portion of this instrument is occupied in carving out and limiting an estate, in this property, which the testator declares to be for the benefit of Alice ; yet the counsel for the plaintiff insist that such language is used, in describing the provision for the benefit of Alice, that the whole provision becomes nugatory, and without meaning and effect. It is a maxim of the law, that every separate and distinct provision of a written instrument is supposed by the maker to have a purpose and meaning ; and is to be construed, if possible, to give them all effect, *ut res magis valeat quam pereat.*

Judge PHELPS, in *Hibbard* v. *Hurlburt*, 10 Vt. 178, wherein it was argued that two provisions in a will could not both subsist, and be enforced, says tersely, as was his habit : " Of his intentions (of the testator), in this case to create both estates, there can be no doubt ; and that intention must be effectuated, unless there be a legal *impossibility* that they should subsist together."

Judge REDFIELD, Law of Wills, 2d, p. 278, in summing up says : " It is a settled rule of American, as well as English law, that when the first devisee has the absolute right to dispose of the property in his own, unlimited, discretion . . . any estate over is void, as being inconsistent with the first gift." But he admits, in his note to *Ide* v. *Ide*, 5 Mass. 500, " that a contingent executory devise may be limited upon a fee simple." Such is the case of *Brightman* v. *Brightman*, 108 Mass. 238 ; *Burleigh* v. *Clough*, 52 N. H. 267 ; *Williamson* v. *Daniel*, 12 Wheat. 568. " The exclusion of the devise over depends upon whether the first taker has the absolute right to dispose of the property." And Ch. J. MARSHALL, in *Smith* v. *Bell*, 6 Peters, 68, disregarded this rule, in order to give effect to all parts of the will, and carry out the intent of the testator.

Does this will give the absolute and *unlimited* disposal of the

property at his discretion, to Wilbur F.?    Not so, as we have seen by the language of the bequest to him.

Is it to be *inferred* from the language defining the bequest to Alice ?

This language is general and comprehensive; " it is my will (in the event named) that said Alice shall have the use of the entire share, or legacy, hereby bequeathed to him, the said Wilbur F., or so much thereof as shall remain on hand, at the time of his decease ; and also the avails of so much thereof as shall have been converted into money or other property." This provision for Alice must be " effectuated," to use the language of Judge PHELPS, " unless there be a legal impossibility that the two provisions should subsist together."

The subject of the bequest is described " as one equal undivided half of all the residue of my estate both real and personal." It may well be supposed to consist of real estate, and the different kinds of personal property, and choses in action that may constitute property. Without any right of disposal of this property by Wilbur F. for his own benefit, it is possible, indeed most probable, that some of this property during the lifetime of Wilbur F. would perish by the using; some by fire or other casualty. And bonds, notes, and other choses in action, would in course of administration, mature, and by foreclosure, or otherwise, change in form, if it continued to subsist as property.

The provision for Alice in substance is that in case of the death of Wilbur F. leaving Alice a widow, the entire share or legacy shall go to Alice, so long as she should remain the widow of Wilbur F., both that that shall remain *in specie*, and the avails of all such as in course of administration, may have changed in form. By this construction of the language, there is no forced or unnatural use of language ; the *intent* of the testator is carried out, and the two provisions of the will subsist together in harmony. Wilbur F. was vested, by this will, with the fee simple with the right to the income and use during his life subject to a contingent life-estate in Alice, while she remained his widow.

The result is, the judgment of the County Court is reversed, and cause remanded that judgment may be entered according to the stipulation of the parties.