“Russell, J.
[After stating the facts as above.]— The plaintiffs’ counsel claims that the first clause of the will, above recited, devising the property in question to the daughters absolutely upon the death of their mother is controlling, and the intention indicated therein, so far as the property in question is concerned, ought not to be considered as limited by the latter clause.
“The defendant’s counsel claims that the latter clause of the will is controlling of the former and clearly evinces the intention of the testator to devise only a life estate in the property in question to his daughters.
“There can be no doubt that if the first clause of the will above quoted, 'I give and devise the same absolutely to my daughters,’ were the only one relating to the property therein devised, it would carry an absolute fee. The provision of the Bevised Statutes, that every devise shall be construed to dispose of the whole estate, unless expressly limited to a part of it (2 R. S. 6th ed. 1130, § 1), and the comprehensive scope of the word “absolutely” sufficiently determine that (Oswald v. Kopp, 26 Pa. St. 516).
“The second clause, beginning ‘ all the rest of my *327 real estate,’ as clearly gives only a life estate in the property therein devised. The language is too clear to leave room for any discussion as to that. If then, both clauses were intended to include the property in question, so far as the nature of the estate given is concerned, the clauses are in conflict, and the later clause limiting the estate apparently given by the former must prevail.
“All the parts of a will must be taken together and each part construed in the light of the other. ‘ Although a devise to a person and his heirs, gives him an estate in fee simple, yet if the word ‘ heirs ’ be qualified by any subsequent words which show the intention of the testator to restrict it to the heirs of the body of the devisee, the word ‘heirs,’ as first used, must be read as ‘issue,’ and would before the abolishment of entails have created an estate tail (6 Greenleaf' s Cruise, 232, § 7; Smith v. Scholtz, 68 N. Y. 41).
“A long line of cases has established the rule that where the intention of the testator to limit an estate apparently given in the earlier part of a will to a lesser estate, is clear from subsequent clauses of the will, the later clauses will determine the extent of the estate (Sims v. Doughty, 5 Ves. 247; Williamson v. Daniel, 12 Wheat. 568; Smith v. Bell, 6 Pet. 68; Covenhoven v. Shuler, 2 Paige, 122 ; Parks v. Parks, 9 Id. 106; Bradstreet v. Clark, 12 Wend. 602; Mason v. Jones, 2 Barb. 229 ; Chrystie v. Phyfe, 19 N. Y. 344 ; Terry v. Wiggins, 47 Id. 512; Taggart v. Murray, 53 Id. 233; Colt v. Heard, 10 Hun, 189 ; Van Nostrand v. Moore, 52 N. Y. 12; Bundy v. Bundy, 38 Id. 410; Striker v. Mott, 28 Id. 82).
“ But it is also a rule of equal force that, in order for such a construction to obtain, it must be clear that it was the intention of the testator to limit by the latter clause in his will the estate apparently given in the former one (Roseboom v. Roseboom, 81 N. Y. 356).
*328 “The question then is, did the testator in this case intend by the second quoted clause in his will to limit to a life estate the fee apparently devised by the first quoted clause ? The second clause is, ‘All the rest of my real estate, subject to the dower of my. wife, I give and bequeath to my said two daughters in equal shares, the same and all other property given and devised to them to be to their sole and separate use, free from the debts, engagements and control of any husband; to have and to hold for and during the period of their respective natural lives, etc.
“ There is clearly in this clause an allusion to the property given by the first.clause. It is included in the words “ all other property but I am of the opinion that the words as used in the second clause are used there only for the purpose of indicating the in-, tention of the testator that all his property given to his daughters should be for their sole and separate use, free from the control of their husbands, and not for the purpose of limiting the estate already given to the daughters in the “other property” to a life e'state. It seems to be a sort of parenthetical infinitive clause, occurring to the testator at the moment, and inserted in the devise of all the rest of his property for the purpose I have stated. The words ‘ the same and all other property ’ are not the objects of the word ‘ give,’ but only in apposition with the object to indicate still another purpose in regard to it. The word ‘give’ thereafter, does not sweep them forward into the embrace of ‘to have and to hold’ so as to make them its objects.
“ While it may be said that the language is capable of the construction claimed by the defendant without a violation of the rules of grammar, I still think that it would be an unnatural and strained construction, and not the one which, on the whole will, indicates the intention of the devisor.
*329 “ In all the cases relied on by the defendant it was the clear intention of the testator not only to include in a later clause the same property devised or bequeathed in a former one, but to limit the estate given by the former clause (see cases cited above). In this it seems to have occurred to the testator, as he was writing the residuary clause, that it would be wise to provide that the property devised to his daughters should be for their separate use, and that such provision should extend not only to the property therein devised, but to that already specifically given by a former clause of the will.
“ Taggart v. Murray (53 N. Y. 233), is as strong as any of the cases cited in favor of the defendant’s contention. The will under construction there read as follows: ‘ First.—After all my lawful debts and demands and funeral expenses are paid and satisfied, which I direct shall be done in due season by my executors hereinafter named, I do give and bequeath unto my daughter Cornelia all my estate, personal and real, except the following sums or portions which I wish to be paid, by my executors as soon as may be, to the several persons following, to wit: ’ (Then follow bequests of sums of money to several different persons.) ‘ All my remaining property, dwelling house lands, outhouses, furniture, money, movables, &c., I give, devise and bequeath to my daughter Cornelia for her support and comfort, to be held and controlled by her, and, at her death, to pass to her heirs, or if she leaves no heirs, to be disposed of by her in will to whom and for what purpose she may deem right and proper.’
“It was held that this will gave to the daughter an estate for life, in the lands of which the testator died seized, with remainder to her issue living at her death, and with power, in default of issue, to appoint the fee by will, and that, therefore, a conveyance by the daughter and her living children, did not give an abso *330 lute title to such lands, as it was subject to the. contingency that children might thereafter be born who would take an.interest as purchasers under the will. The words all my remaining property ’ (given to the daughter for life in the residuary clause of the will), cover precisely the same property covered by the words ‘ all my estate, personal and real, except the following sums or portions,’ given without words of limitation, in the earlier part of the will.
“ The same distinction is clear between the case at bar and all the cases cited in the- very able and carefully prepared brief of the defendant’s counsel.
“In Roseboom v. Roseboom (81 N. Y. 356), the rule under construction contained the clause:
“ ‘ I give and bequeath my beloved wife, Susan, one third part of all my property, both real and personal, and to have the control of my farm as long as she remains my widow, . . . and at the death of my wife, all my property, both real and personal, to be equally divided between my eight children.’ It was held that the widow took an absolute fee in one third of the premises. Dareobth, J., delivering the opinion, says: ‘ The residuary clause is not repugnant to the prior gift, and the devise may take effect according to its terms. We thus follow the rule which requires a will to be so construed as to avoid, if possible, all repugnancy, and give effect to all its language. We have here no occasion to depart from it; the. two clauses are not irreconcilable, and there is no occasion, therefore, to reject one in order to uphold the other—a desperate remedy, and to be resorted to only in case of necessity —so that one rather than both provisions should fail (Trustees, &c. v. Kellogg, 16 N. Y. 83; Van Nostrand v. Moore, 52 Id. 20 ; Covenhoven n. Shuler, 2 Paige, 122). This case is within the rule stated by the Lord Chancellor in Thornhill v. Hall (2 Clark & Fin. 22), as one which admits of no exception in the construction *331 of written instruments—that where one estate is given in one part of an instrument, in clear and decisive terms, such estate cannot be taken, away or cut down by raising a doubt upon the extent or meaning or application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving that estate.
John H. Cole, for appellant.
George Zabriskie, for respondent.
“Under the authority of this decision it would be enough to sustain the plaintiff’s contention in the case at bar, that the words in the second clause of the will which the defendant claims limit the estate given in the first, are not as clear and decisive ’ in limiting such estate as the words of the clause giving it.
“I do not, however, rest my conclusion upon that rule of construction, but upon the ground, that in the will now under construction, employing only commonplace rules and observations, it clearly was not the intention of the testator to limit by the second clause the estate given in the first.
‘ ‘ The view I take of this matter renders it unnecessary to discuss the question in relation to the statute of perpetuities, which would become important if it were held that the second clause was intended to limit the estate of the plaintiffs in the property which is the subject of this action.
“There must be judgment for the plaintiffs with, costs.”
By the Court.—Sedgwick, Ch. J.
I am of opinion that Judge Bussell disposed of the case correctly, for the reasons given by him.
A single suggestion may be made. It would be a mistake to assert that substantially the habendum *332 clause “for and during the period of their respective natural lives” in the devise of “all the rest of my real estate,” etc., is the ■ only description in that devise of an interest intended to be devised. When in that de-‘ vise the words “ and all other property given and devised to them ” occur, these words of reference show that the other property is the remainder in the Thirty-second street house, habendum in fee, and they also re-affirm the former devise. The devise may then be read as follows: “ All the rest of my real estate I give and bequeath to my said two daughters in equal shares; the same and the remainder in the Thirty-second street house, which I have before devised and do now devise to them, habendum in fee, to be to their sole and separate use, free from the debts, etc., of any husband, habendum for and during the period of their respective natural lives.”
It is seen that the several parts of this clause do not make prior and successive devises. They are contemporaneous and co-valid dispositions.. The only construction is to distribute the habendum clauses so that the second applies to the rest and residue of the real estate. The first habendum clause is evidently to be applied solely to the subject of the former devise to the daughters.
The judgment should be affirmed without costs.
Freedman and Arnoux, JJ., concurred.