GRIFFIN v. MORGAN.

(District Court, D. Vermont. October 27, 1913.)

No. 23.

1. WILLS (§ 439*)—CONSTRUCTION—INTENTION OF TESTATOR.

In construing a will, the intention of testator expressed therein, if consistent with rules of law, must prevail over all other rules of construction.

[Ed. Note.—For other cases, see Wills. Cent. Dig. §§ 952, 955, 957; Dec. Dig. § 439.*]

2. WILLS (§ 69*)—DEFINITION.

A will is the legal declaration of a man's intention to be performed after his death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 183; Dec. Dig. § 69.*

For other definitions, see Words and Phrases, vol. 8, pp. 7461–7468, 7835.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** WILLS (§ 601*)—CONSTRUCTION—DEVISE OVER AFTER FEE.

In the devolution of real property by will, it is competent for testator to provide for a devise over following a devise in fee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1340–1350, 1608; Dec. Dig. § 601.*]

**4.** WILLS (§ 601*)—CONSTRUCTION—ESTATE DEVISED.

Testatrix having two daughters, one unmarried, bequeathed the residue of her estate to them equally for the natural life of the one who died first, each to hold and enjoy her share as if she were the absolute owner, with power to use such part of the corpus as she deemed necessary for her suitable support. Testatrix then declared that if the unmarried daughter and the husband of the married daughter should survive the latter, then she devised to the husband absolutely one-third of his wife's share and the remainder of the estate to the surviving unmarried daughter. Held, that the provision for the devise over was not void as in conflict with the devise in fee, and that on the married daughter dying before her sister, the remaining portion of the property passed in accordance with the devise over.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1340–1350, 1608; Dec. Dig. § 601.*]

In Equity. Suit by Clara L. Griffin against Ransom S. Morgan. Judgment for complainant.

Jenkins & Barker, of Glens Falls, N. Y., for orator.
M. C. Webber, of Rutland, Vt., for defendant.

MARTIN, District Judge. Mary W. Griffin died at her domicil in Glens Falls, N. Y., January 1, 1907, leaving a will which was duly probated in the Surrogate Court, in Warren county, N. Y., on the 14th day of January, 1907. Clara L. Griffin and Mrs. Julia G. Morgan were the only members of her family that survived her. By her will she made certain legacies, and the residue of her estate she disposed of in clause 2, which reads as follows:

"All the rest and residue of my estate both real and personal I give, devise and bequeath unto my two daughters, Julia G. Morgan and Clara L. Griffin equally share and share alike for and during the term of the natural life of that one of said daughters who shall die before the other, each of them to have, hold, possess and enjoy her half part thereof as if she were the absolute owner thereof, and each of my said daughters may if she deem it necessary and proper so to do, use up and consume not only the interest and income therefrom but also so much of the corpus of her half part of said rest and residue as she may deem necessary and proper for her suitable maintenance and support."

She further provided:

"If both said Clara and Ransom S. Morgan, husband of said Julia G. Morgan, shall survive said Julia then in such case I give, devise and bequeath unto said Ransom S. Morgan absolutely one third part of so much of said Julia's one half share of said rest and residue, as may remain at her decease and unto said Clara I give, devise and bequeath absolutely all the rest, residue and remainder of my estate of every name and nature whatsoever."

Mrs. Julia G. Morgan died at Rochester, Windsor county, Vt., on the 20th day of July, 1910, her husband, Ransom S. Morgan, and her sister, Clara L. Griffin, surviving her. She left a will, dated Au-

gust 9, 1904, naming her husband as her sole legatee, devisee, and executor. Said will has been established in the probate court for the district of Hartford, Vt., and the said Ransom S. Morgan duly qualified as executor, and now has in his possession the whole of the estate of his deceased wife, all of which he claims under her will. His said wife received from her mother's estate, under the mother's will, as aforesaid, $17,925.28 in personal assets.

There is no question as to the foregoing facts, the diverse citizenship, or that the amount involved exceeds $3,000.

The complaint further alleges that the said Julia G. Morgan, at her death, was possessed of the property that she received from her mother's estate, and that the same is subject to the provisions of the mother's will, and under those provisions that two-thirds of it belongs to the plaintiff, with interest thereon since said Julia's decease. There are the usual allegations in the complaint, and the plaintiff prays judgment—

"that an account be taken of all and singular the moneys and personal property that the defendant has taken into his possession since the death of said Julia G. Morgan which was of the estate left by said Mary W. Griffin, or which was purchased by said Julia G. Morgan with the avails of said estate; and also that the said defendant may account with your orator for all and singular his dealings and transactions in regard to the said property; and that the defendant may be adjudged to pay to your orator what shall, upon the taking of such account, appear to be due her; and that your orator may have such other or further relief in the premises as the equity of the case may require and to your honor may seem just."

The defendant avers that:

"By the terms of the will of the said Mary W. Griffin the said Julia G. Morgan became the sole and absolute owner of all the property received by her from her mother's estate, so that she had full authority to take, hold, and dispose of the same as fully and as absolutely as she could any other property, being her sole property."

The defendant—

"denies that the orator is remediless at law on the facts alleged, if proved, and denies that the orator can obtain relief only in a court of equity if the facts alleged were true, and avers that the matters and things set forth in said bill of complaint are not sufficient to require defendant to answer thereto, and this defendant, agreeable to the rules in equity, demurs to said bill of complaint, and craves the benefit of a demurrer the same as if separately filed, for that the matters and things set forth in said bill of complaint are not sufficient to confer jurisdiction in equity, and for that there is abundant and adequate remedy at law."

The evidence was taken without argument on the defendant's demurrer, and briefs were submitted.

This court plainly has jurisdiction of the parties, and that the court of equity is the proper forum for this accounting is not questioned in the defendant's brief, wherefore the demurrer is overruled.

The plaintiff's right of recovery is challenged by the defendant on the ground that the devise over is repugnant to the preceding provision of clause second of the will of said Mary W. Griffin.

[1, 2] The first great principle in the exposition of wills, to which all other rules must yield, is that the intention of the testator, ex-

pressed in the will, shall prevail if it be consistent with the rules of law. This principle is generally asserted by every court having to do with the construction of testamentary dispositions of property. A will is "the legal declaration of a man's intentions, which he wills to be performed after his death." 2 Bl. Com. 499.

These intentions are to be found from the words, which ought to be carried into effect. They must be carried into effect unless inconsistent with some settled principle of law. Ambiguous expressions are not to be classified as repugnant if the intent of the testator can be ascertained. The situation of the parties should always be taken into view. The ties of affection between the testator and his legatees, the motives which may reasonably be supposed to operate upon and to influence him in the disposition of his property, are all entitled to serious consideration in explaining doubtful words or ascertaining the meaning in which they are used. Courts should never resort to the principle of repugnancy when the meaning can be thus ascertained.

Prior to the case of Pells v. Brown, Cro. Jac. 590, decided by the King's Bench in 1619, it was frequently held that where a devise conferred an absolute beneficial power over dispositions, with a limitation over in the event of something happening, the limitation over was repugnant to the absolute beneficial power; and, in perusing some of those cases, it would seem as though the court made no great effort to study the intent of the testator. In the Pells Case lands were devised to A. and his heirs, but if he died without issue living at his death, then to B. The devise to A. was in words that conveyed a fee simple, and, according to many of the common-law cases prevailing prior to that time, no limitation would be permitted, because it was said that a conveyance in fee was a conveyance of the whole estate, and that nothing was left upon which the limitation over could operate; but under the statute of uses, a species of limitations, known as shifting or springing uses, had been recognized, which permitted ulterior estates to be created. The courts after the passage of the statute of wills, St. 32 Hen. VIII, following the analogies furnished in conveyances to uses, and especially in support of the intention of the testator, came to recognize the validity of limitations over, though in a strict technical sense they were repugnant to the absolute devise preceding in testamentary documents, so that the doctrine that "a fee limited after a fee is good" is valid where the intent of the testator can be ascertained. The Pells Case established the validity and indestructibility of that species of limitations.

Lord Kenyon said in Porter v. Bradley, 3 Term Rep. 145, that ever since the Pells Case this doctrine has been regarded as the "foundation and, as it were, magna charta of this branch of the law." Since that time executory devises limiting a fee after a fee, upon some contingency operating to defeat the estate of the first taker, have become quite common. For more than a hundred years the trend of authorities has been that limitations over after the devise of a fee are not repugnant where the intent of the testator is apparent. The intent of the testator is, as it should be, the guiding star to all courts of law

which may have jurisdiction of the construction of testamentary documents.

Counsel for the defendant have cited Stowell v. Hastings, 59 Vt. 494, 8 Atl. 738, 59 Am. Rep. 748. That case is the most apt authority in support of the defendant's contention of any Vermont case, at least to which my attention has been called. The provisions of that will were:

"I give to my beloved wife, * * * The residue and remainder of all my estate, both real and personal, for her benefit and support, to use and dispose of as she may think proper. If any of the estate should be left in my wife's possession at her death, it is my will that the same should be equally divided between eight of my brothers and sisters," etc.

Judge Taft, speaking for the court, said:

"In determining what estate is given the first taker, the whole will should be considered, and all the clauses construed together. Even in those cases where an absolute estate is in terms given, if subsequent passages unequivocally show that the testator meant the legatee to take a life interest only, the prior gift is restricted accordingly"—and cites Jarman on Wills, c. 15; Richardson v. Paige, 54 Vt. 373; McCloskey v. Gleason, 56 Vt. 264, 48 Am. Rep. 770; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322.

It is further stated:

"If we could construe the will in question as giving the residue to Mrs. Stowell for her support only, which is the construction the appellants insist should be given it, their claim might be upheld. It was given for her support, but not for that alone. It was for her *benefit*, and using the synonyms of the word, it was for her *advantage*, her *profit*, her *gain*, her *account*, her *interest*. The word 'benefit' and its synonyms mean more than simply support; they mean any purpose to which the absolute owner of property can devote it; and, given for that purpose, they mean that Mrs. Stowell had unlimited power to dispose of it at her pleasure."

I do not concur in the court's interpretation of the meaning of the word "benefit," as therein expressed. The same court, and others, has construed wills making absolute gifts for *"comfort* and support," and what may remain at death to be distributed to other heirs, as creating a life estate only, in that *"comfort* and support" are the uses to which the legatee can apply the property. To harmonize the decision of the court in the Stowell-Hastings Will Case with other like cases, the word "benefit" must be construed to mean more than "comfort." Which is the broader word, "comfort" or "benefit"? People do many things, supposing them to be for their comfort, in the gratification of their tastes, their desires, their wants, that are not, in fact, beneficial. The words "comfort and support" have been construed, over and over again, as a limitation to the bequest or devise where the meaning of the testator was apparent. The Hastings will, read with a view of ascertaining the meaning, instead of undertaking to get around it, would indicate to the layman, at least, if not to the lawyer, that he intended that his wife might use the estate for her support, and in addition thereto, for such things as she might deem beneficial to her, but she was not to will it, for if there was anything left, it was to go to his brothers and sisters; nevertheless the court said that the devise over was repugnant. I have sometimes queried

whether the reasoning of the court in this case in saying, "The whole will should be considered and all the clauses construed together," and "if subsequent passages unequivocally show that the testator meant the legatee to take a life interest only, the prior gift is restricted accordingly," and then holding that the language made use of in that will was intended as an unrestricted gift to the wife, was not as repugnant to the logic of the case as the devise over in Mr. Hastings' will was repugnant to the preceding provision thereof. Whether the conclusion of the court in that case merits criticism or not need not be further discussed, because in that case the court recognized that the first principle in the construction of wills is to ascertain the meaning of the testator, but held that because the testator used the word "benefit," he must have intended to make an absolute and unqualified gift to his wife and therefore the qualifying clause was repugnant.

No such construction should be given to the will in this case. Mary W. Griffin, at the time she executed the will in question, had of her own family but two daughters. That they were nearest to her heart is plainly to be seen in every phrase of her will. Clara was unmarried and she was first in her mother's mind and mother's care. She first gives her $5,000, and then divides the residue equally between Clara and Julia. It is plainly to be seen that in the mother's mind Clara and Julia were each to possess one-half of that residue, without a trustee to handle it for them, and each was to enjoy her half part thereof by using the whole of the interest and so much of the 'corpus" as she might deem necessary "for her suitable maintenance and support," and each was to be her own judge of what should or might be necessary "for her suitable maintenance and support," acting in good faith. Observe the language: Each may "hold, possess and enjoy her half part thereof as if she were the absolute owner thereof." The words "as if" indicate that there are qualifying clauses to follow, and those qualifying clauses are, in substance, that if said Julia shall survive said Clara, said Julia shall have all of said Clara's part not "used up and consumed in her lifetime"; and, further:

"If both said Clara and Ransom S. Morgan, husband of the said Julia G., survive said Julia, then in such case I give, devise and bequeath unto said Ransom S. Morgan absolutely one third part of so much of said Julia's one half share of said rest and residue as may remain at her decease, and unto said Clara I give, devise and bequeath absolutely all the rest, residue and remainder of my estate of every name and nature whatsoever."

With these clauses in view, she uses the expression "as if she were the absolute owner thereof."

[3] There can be no question whatever as to the intent of this testatrix, and therefore the Hastings-Stowell Case does not apply. It is simply a question as to whether a devise over can follow a provision that carries a fee. That was settled here in Vermont in Richardson v. Paige, supra, and recognized in Hastings v. Stowell.

[4] In Richardson v. Paige the question was whether the two provisions of the will could subsist together. The court recognized the doctrine in Hibbard v. Hurlburt, 10 Vt. 178, wherein Judge Phelps stated:

"Of his intention (the testator's) in this case, to create both estates there can be no doubt; and that intention must be effectuated, unless there be a legal impossibility that they should subsist together."

Applying the doctrine of Hibbard v. Hurlburt, cited with approval in Richardson v. Paige and McCloskey v. Gleason, there is no question in my mind that the devise over in the case at bar would be sustained by the Supreme Court of Vermont.

So far as this will is concerned, the construction to be given it is alike in both states, as will be seen in the citations given above and the following cases in New York: Wager v. Wager, 96 N. Y. 167; Van Horne v. Campbell et al., 100 N. Y. 292, 3 N. E. 316, 771, 53 Am. Rep. 166; Seaward v. Davis, 198 N. Y. 415, 91 N. E. 1107; Terry v. Wiggins, 47 N. Y. 512; Crozier v. Bray, 120 N. Y. 366, 24 N. E. 712; Leggett v. Firth, 132 N. Y. 7, 29 N. E. 950.

The reasoning by Chief Justice Marshall in Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322, seems to have been followed by the federal court; and, as the question of repugnancy raised in the case at bar is by no means a new question, further citations are unnecessary.

As I construe the last will and testament of said Mary W. Griffin there is no repugnancy, and the devise over is valid. The defendant should account for two-thirds of the property that his wife received under her mother's will which at her decease had not been used by her for her "suitable maintenance and support."