RUTLAND COUNTY, JANUARY TERM, 1888.

[CONTINUED FROM PAGE 257.]

## GEO. W. CHAPLIN AND OTHERS v. MARY HELEN DOTY AND OTHERS.

### Will.

1. The following words in a will, "I give and bequeath the residue of my estate to my said granddaughter * * * to be for the proper use and benefit of herself and heirs forever," convey an absolute estate, if used without limitation, and have the same effect as a grant in a deed to one and his heirs forever.

2. It is an elementary rule in the construction of wills, that an absolute gift will not be defeated by a subsequent repugnant clause, unless such clause is plainly a qualification or condition, evidently intended by the testator to be read as a part of the preceding clause.

3. The will gave an absolute estate to the testator's granddaughter, and there was added the following: "But if she shall not marry, or marrying shall have no issue living, then I give and bequeath to her the interest," etc.; and also the following: "But if my granddaughter shall die without lawful issue living, then I give and bequeath whatever may remain," etc., to other persons named. The legatee is married and has lawful issue. On a bill brought to obtain a construction of the will; *Held*, that the absolute gift was not qualified, as the events named did not happen; that the words "shall die without lawful issue living," mean "without having *had* lawful issue;" and that the granddaughter was entitled to the residue of the estate.

BILL in chancery for the construction of a will. Heard on the pleadings, ROWELL, Chancellor.

It was *pro forma* adjudged and decreed that by the true construction and meaning of the last will and testament of James McConnell, as set forth in said bill, it is the duty of the orators, as trustees, to keep the residue of the estate of said James McConnell, now in their hands, at interest with good and sufficient securities, during the natural life of said Mary Helen Doty, and pay to her annually the interest and income thereof; and at the death of the said Mary Helen Doty, if she leave lawful issue surviving her, pay said prin-

cipal sum of said residue to her said issue; but if she dies without lawful issue surviving her, then said residue to be distributed, one-half to the heirs of George W. Chaplin, and the other half to the heirs of David A. Richardson; and the orators are directed to administer the trust reposed in them as to the residue of said estate in accordance with this construction of the said last will and testament of said James Mc-Connell.

The case appears in the opinion.

*J. C. Baker*, for the defendants.

The court refused to deliver the estate to Mrs. Doty before issue was born. *Doty* v. *Chaplin*, 54 Vt. 361.

In the interpretation of a will, the purpose of a court of equity is to ascertain and give effect to the intent of the testator; and the intent is to be determined from the words of the will alone. *Richardson* v. *Paige*, 54 Vt. 373. The whole of a will must be construed together, and the intent of a testator must prevail. *Casey* v. *Casey*, 55 Vt. 518; *In re Cushing's Will*, 58 Vt. 393; *Randall* v. *Josselyn*, 59 Vt. 557.

The granddaughter took an absolute estate under the will. *Stowell* v. *Hastings*, 59 Vt. 494. It was given for the "proper use and benefit of herself." *Jones* v. *Bacon*, 68 Me. 34; *Harris* v. *Knapp*, 21 Pick. 412. Whenever it is the clear intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void. *Ide* v. *Ide*, 5 Mass. 500; *Jackson* v. *Ball*, 10 Johns. 19; 2 Redf. Wills, p. 278.

There is, however, no necessary repugnancy between the clauses named. The whole will shows that the testator intended by this clause, the same meaning, as though it had been expressed in this way : But if my granddaughter, Mary Helen Eddy, shall die without having had lawful issue living, then I give, etc. *White* v. *White*, 52 Conn. 518; *Coe* v. *James*, 9 Atl. Rep. 392; *In Matter of Railway Co.* 105 N. Y. 89.

*J. Prout,* for the orators.

The residue of the estate consists of money. That it is personal property affords us no aid in the construction of the language of the bequest, as " personal property may be subject to the same modifications of ownership as real estate, by way of executory devise." 2 Redf. Wills, 654, n. 40 ; 2 Kent Com. 280.

The case stands then upon the language of the bequest, and the fact that Mary Helen, now Mrs. Doty, did survive her mother, and has lawful issue living. She may not have such issue living at her death. That is uncertain. In the event that she does not, then this remainder or residue of the estate goes according to the provisions of the will to Chaplin and Richardson, if the bequest to them is not void as repugnant to the devise to Mary Helen, as some cases hold it may be.

In many cases it is held that the intent of the testator is to govern in the construction of a will, and that is stating the whole law upon the subject, unless, indeed, his intent, as manifested in the will, is in violation of some unyielding principle of law. But the difficulty in the case is, what was the testator's intent,—was it that Mary Helen should take this residue unconditionally and absolutely upon having lawful issue living, or did the testator intend to restrict this bequest by the subsequent provisions of the will ?

Then to whom shall this residue be paid, or how shall the orators administer their trust ? The cases relating to the subject perhaps answer the inquiry. We can add nothing to what is there said. *Hibbard* v. *Hurlburt,* 10 Vt. 178 ; *Richardson* v. *Paige,* 54 Vt. 373 ; *Smith* v. *Bell,* 6 Pet. 68 : *Meyer* v. *Snow,* 24 Reporter, 263 ; *Freeman* v. *Coit,* 96 N. Y. 63 ; *McClosky* v. *Gleason,* 56 Vt. 264 ; *Randall* v. *Josselyn,* 59 Vt. 557 ; 105 N. Y. 89 ; Hawkins, Wills, 207.

The opinion of the court was delivered by

POWERS, J. This bill is brought to obtain a judicial construction of the will of James McConnell.

The clause of the will brought in question is as follows :

" And if my granddaughter, Mary Helen Eddy, shall survive her mother, Laura C. Eddy, and shall marry and have lawful issue living, then I give and bequeath the residue of my estate to my said granddaughter, Mary Helen Eddy, to be for the proper use and benefit of herself and heirs forever. But if she shall not marry, or marrying shall have no issue living, then I give and bequeath to her the interest only of what may remain of my estate after the death of her mother, Laura C. Eddy, to be paid to her annually by my executors or their survivors for and during her natural life. But if my granddaughter, Mary Helen Eddy, shall die without lawful issue living, then I give and bequeath whatever may remain of my estate in equal portions to my relations, George W. Chaplin and David A. Richardson, to be by them distributed to such heirs of each, at such times and in such manner as they shall deem fit and proper."

The conceded facts are that Mary Helen Eddy has survived her mother, Laura C. Eddy,—has lawfully married one John C. Doty, and has now living a daughter, Laura Miriam Doty, the fruit of said marriage.

The precise conditions then named in the first paragraph of the above clause in McConnell's will exist, which by said clause, gave the residuum of the estate to Mary Helen " to be for the proper use and benefit of herself and heirs forever." If this paragraph stood alone no doubt could arise as to its meaning. If Mary Helen took the residuum for the proper use and benefit of herself and heirs, she took an absolute estate. *Stowell* v. *Hastings*, 59 Vt. 494. The language has the same meaning and effect as a grant in a deed to one and his heirs forever.

It is an elementary rule of construction that an absolute gift in a will, will not be defeated by a subsequent repugnant clause. If the subsequent clause is plainly a qualification or condition, which evidently was intended by the testator to be read as part of the preceding clause, the rule is different. It makes little difference in the construction whether the granting clause itself is in form conditional ; or the condition is annexed

to a clause in form absolute. The test is, what did the testator mean by the language he uses? *Richardson* v. *Paige*, 54 Vt. 373.

The question then is whether the later paragraphs of the clause in question were added to the first paragraph by way of limitation or condition, or whether each and all may stand consistently with each other.

As already said, the testator has imposed three conditions upon which, under the first paragraph, an absolute estate will pass to Mary Helen, and these conditions are all answered.

When the testator was particular to specify the conditions upon which his granddaughter should have the estate absolutely, it seems rather strange that he should omit to incorporate in this paragraph further conditions affecting the devise, if he intended to further limit it.

But passing this point, we think the two subsequent paragraphs were not intended to have effect at all, if the several events named in the first happened.

The second paragraph is antithetical merely. "If she shall not marry, or marrying have no issue living," then inasmuch as the conditions named in the first paragraph fail, the gift takes on a new character. So far the testator has used no repugnant language. He says if Mary Helen marries and has issue living, she and the issue take absolutely. If she does not marry, or, if she marries and has no living issue, she takes only a life estate. These paragraphs are not repugnant to each other; they merely provide for different contingencies that may arise. It is like the familiar illustration used in the books as a gift,—"to A, if he survive me, if not to B,"—where, it is said, that the words import an absolute gift to either A or B as the event may determine.

The doubt as to the testator's meaning arises more directly upon the concluding paragraph, "But if my granddaughter, Mary Helen Eddy, shall die without lawful issue living, then I give, etc.," to Chaplin and Richardson. We think this paragraph, like the second, was intended to provide for a failure of

one of the conditions named in the first, and is not to have any effect if the condition named in the first, of having lawful issue, exists. In both the second and third paragraphs the testator is manifestly providing for a state of facts that may exist. If Mary Helen marries and has issue living, the first paragraph in the clause has effect and governs the gift; if either event fails, the second paragraph governs. The words " shall die without lawful issue living," mean and are to be read as if they ran " without having *had* lawful issue living."

Taking the whole clause into view, it is quite evident that the testator did not intend in the second or third paragraph to qualify the absolute character of his gift as expressed in the first unless the events named should happen.

We hold, therefore, that Mrs. Doty is entitled under the will to the residue of her grandfather's estate in the hands of the orators, to her own use absolutely.

Pursuant to a stipulation of the parties, the costs of this cause are to be charged to the fund in the hands of the orators.

The decree is reversed and cause remanded to the Court of Chancery with mandate according to the foregoing views.