HADLAI A. HULL, TRUSTEE, *vs.* GIDEON E. HOLLOWAY AND OTHERS.

New London Co., Oct. T., 1889. ANDREWS, C. J. CARPENTER, LOOMIS, BEARDSLEY and J. M. HALL, Js.

A testatrix gave her estate to a trustee to hold and manage during the lives of her husband and son and the minority of the children of the latter, and directed that he should from time to time pay to her husband "so much of the income and principal as he might require for his personal use, upon his written request;" and that after his death so much of the income as was necessary should be expended for the maintenance of her son and his children, the property upon the termination of the trust to be divided among her heirs at law according to the statute with regard to intestate estates. Held—

1. That the life estate given the husband was not enlarged to a fee by the provision for the payment to him of "so much of the income and principal as he might require for his personal use."

2. That it was not intended by this provision to give the husband whatever he might demand, but only what was needed for his support, after he had used whatever other means of support he might have.

3. That the trustee was to use his judgment as to what should be paid to the husband, and the payment was to be made only on a concurrence of his judgment with that of the husband. If they differed as to the necessity, or the property should be wrongfully applied to the husband's use, the court would on application protect the rights of all parties interested.

4. That it was the duty of the trustee to allow the fund, so far as not needed for the support of the husband, to accumulate during the life of the latter.

5. That after the death of the husband the trustee was to apply so much of the income as was necessary for the support of the son and his children during the life of the son and the minority of the children, at the end of which time it was to be distributed according to the will.

[Argued October 15th—decided October 30th, 1889.]

SUIT for the construction of the will of Mary E. Holloway; brought to the Superior Court for New London County, and reserved for the advice of this court. The case is fully stated in the opinion.

*H. A. Hull,* for the plaintiff.

*R. Wheeler,* for the defendant G. E. Holloway.

*A. Brandegee,* for the defendants G. E. Holloway, Jr., and Vera G. Holloway.

J. M. HALL, J. This action is brought by the trustee under the will of Mary E. Holloway, deceased, to obtain for his guidance a construction of certain clauses of the will. The part of the will giving rise to the questions in the case is as follows:—

"All the real estate of which I die possessed, and all my personal property, except such as is hereinafter named and specially bequeathed, I give, devise and bequeath to Patrick H. Hutchinson, of the city of Boston, within the county of Suffolk and Commonwealth of Massachusetts, in trust for the following uses and purposes, namely; to be by him held, managed, invested, re-invested and expended for the benefit, maintenance and support of my husband, Gideon E. Hollo-

way, during his life, and, after his death, for the benefit, maintenance and support of my son, Gideon E. Holloway, Junior, and of any child or children of my said son, which may be born hereafter, as the fruit of any marriage by him hereafter contracted.

"This trust is to continue during the lives of my said husband and my said son, and during the life and minority of any of my said son's children, born as aforesaid. I hereby give said trustee full power and authority to mortgage, sell and convey any and all of my said real estate, whenever in his judgment it shall be for the advantage of the beneficiaries under this trust; but he may so mortgage or sell said real estate during the lifetime of my said husband only with his written consent. I direct that said trustee shall from time to time pay and transfer and convey to my said husband, for his use and benefit, so much of the income and principal of the above named property as my said husband may require for his own personal use, the same to be paid, transferred and conveyed to my said husband upon his written request.

"I direct that no part of said trust fund shall be used to pay any existing or future indebtedness of my said husband or of my said son, neither shall said trust fund be liable in any way for any debts of my said husband or son now outstanding, if any, or for any that hereafter may be contracted by either of them.

"And it is my will that after the death of my said husband, the income of property then remaining in the hands of said trustee and belonging to said trust funds, or so much of said income as said trustee may deem necessary, shall be expended by him for the benefit, maintenance and support of my said son, and of his child or children of any marriage to be by him hereafter contracted, if any.

"Any portion of said income not so expended may, at the discretion of said trustee, be added to the principal of said fund, or be reserved to meet any extraordinary requirements of those for whose benefit said trust is created.

"I direct that upon the termination of said trust by the

death of my husband and son and the death or majority of my son's child or children as aforesaid, the property held under the provisions of said trust be divided among my heirs-at-law, according to the statutes of the state of Connecticut for the distribution of intestate property, excluding therefrom the issue of my son's first marriage."

The property covered by the trust is a piece of real estate situated in the city of New London, and subject to a mortgage. The beneficiaries under the trust are Gideon E. Holloway, husband of the testatrix, Gideon E. Holloway, Jr., her son, and Vera G. Holloway, her granddaughter.

The trustee, in his complaint, propounds the following questions :—

1st. What authority said trustee has to sell said real estate and under what restrictions he must act ?

2d. What money or proceeds of said sale said trustee can lawfully pay to said Gideon E. Holloway under said will ?

3d. Whether said Gideon E. Holloway has the unqualified right to demand of said trustee a sale, and the payment to him of the whole or any part of the proceeds of said sale, or a conveyance of said real estate to him.

4th. Whether said trustee is to exercise his personal discretion as to the needs and requirements of said Gideon E. Holloway and in paying money to said Holloway on his request under said will.

5th. What money or proceeds of sale of said land said trustee can pay to said Gideon E. Holloway, Jr., under said will, and what rights he has to said money or proceeds during the life of his father ?

6th. What money or proceeds of sale of said land said trustee can pay to said Vera G. Holloway, and what rights she has to said money or proceeds during the lives of her father and grandfather ?

7th. Whether said trustee is authorized or directed to transfer said real estate or the proceeds to said Gideon E. Holloway upon his simple request in writing, or whether said trustee shall first be satisfied in the exercise of his own

discretion that said Holloway actually requires the same for his necessary uses and personal maintenance and support.

All parties in interest agree that it is for the advantage of the beneficiaries that the property be sold, and Gideon E. Holloway having consented in writing to the sale, it becomes the duty of the trustee under a proper order of the court of probate to sell the property and convert the proceeds of the sale into a trust fund, to be held for the purposes named in the will. This disposes of the first question proposed.

The main questions of the case involve the rights of Gideon E. Holloway, Sr., in the trust fund, and are suggested by the following ambiguous language contained in one clause of the will, a construction of which will afford a general answer to nearly all the questions presented. This clause reads as follows:—

" I direct that said trustee shall from time to time pay and transfer and convey to my said husband, for his use and benefit, so much of the income and principal of the above named property as my said husband may require for his own personal use; the same to be transferred and conveyed to my said husband upon his written request."

In behalf of Holloway it is claimed that under this clause of the will he is entitled to full maintenance and support out of the trust estate, as well from the principal as from the income, without regard to any other income or means of support he may have, and that it is obligatory upon the trustee to transfer and pay over the same to him upon his written request. In other words, that Holloway takes an equitable fee or an equitable absolute interest in the portion demanded by him, and that the legal title passes to him on the transfer.

If this claim is correct Holloway can, by a single stroke of the pen, take possession of the entire trust estate, convert the same to his individual use, and excluding all other beneficiaries under the will, terminate the trust.

Undoubtedly the language of the clause in question, standing alone, and considered without reference to the intention of the testatrix gathered from other parts of the instrument,

would admit of the construction claimed. But here, as in another recent case, we are satisfied that such a construction would defeat the manifest intent of the testatrix. *Glover* v. *Stillson*, 56 Conn., 318.

In all these cases courts are astute to discover the intention of the testator as gathered *ex visceribus testamenti*, by a careful scrutiny of the language of the entire instrument and by the situation of all parties and their relation to the subject matter. The struggle in such cases, observes Judge STORY, "is to accomplish the real objects of the testator so far as they can be accomplished consistently with the principles of law, but in no case to exceed his intention fairly deducible from the very words of the will." *Nightingale* v. *Mason*, 5 Mason, 336.

As we read this will we are convinced that the testatrix had two special objects which she desired to compass by the creation of the trust in question. First, as a devoted wife she desired to make suitable provision for the possible necessities of her husband; and second, as a mother she was anxious that her only son and his children might have the benefit of any portion of the trust fund unexpended at the decease of her husband.

To accomplish these objects she creates a trust by the following significant language: "This trust is to continue during the lives of my said husband and my said son, and during the life and minority of any of my said son's children, born as aforesaid." She next empowers the trustee to mortgage and to sell and convey the property whenever it may be for the advantage of the beneficiaries under the trust, stipulating that it shall not be sold in the lifetime of her husband without his consent. She forbids the use of any portion of the trust estate for payment of the debts of her husband or son, outstanding or thereafter contracted, provides for a disposition of the income after the death of her husband, directs that "any portion of said income not so expended may at the discretion of said trustee be added to the principal of said trust fund or be reserved to meet any extraordinary requirements of those for whose benefit said

trust is created," and finally orders that upon the determination of the trust by the death of her husband and son or majority of her son's children, the trust estate shall be distributed under the provisions of the statute for the distribution of intestate estates.

We cannot imagine what more explicit or forceful language the testatrix could have chosen, to evince her deliberate intent to create a trust that should permanently inure to the benefit of both husband and son, than that contained in the several provisions of her will above recited.

This clearly expressed intention of the testatrix is utterly repugnant to the claim that Holloway can at his option terminate the trust by his written request. We are clear that a life estate only was intended to be created for her husband by the testatrix; except that in a certain emergency hereafter referred to the whole fund might be devoted to his necessities.

It is suggested that the power of disposal given to Holloway in the will, enlarges the life estate to a fee. This court however has recently held otherwise. In *Glover* v. *Stillson, supra,* CARPENTER, J., says: " The power of sale may in certain doubtful cases aid in ascertaining the intention, but to give it an artificial and technical force, and thereby defeat the manifest intention of the testator, is wholly inadmissible." See also *Lewis* v. *Palmer,* 46 Conn., 454; *Brant* v. *Virginia Coal & Iron Co.,* 93 U. S. R., 326; *Welsh* v. *Woodbury,* 144 Mass., 545.

Holloway therefore having a life interest in the trust estate, to what extent and under what circumstances is the trustee authorized to pay over to him any of the income or principal thereof? This depends upon the construction to be given to the word " require," as used in the phrase " as my said husband may require for his own personal use." The word in itself is ambiguous. In behalf of Mr. Holloway it is claimed that it must be construed to mean " to demand " or " claim as of right and by authority." But the word "require " is as frequently and correctly used in the sense of " to need " or " to be requisite "; and we adopt this defini-

tion for the purposes of this case, which reconciles this clause with the manifest intention of the testatrix as gathered from all other parts of her will, and the relation which she occupied towards the beneficiaries as wife and mother.

Under this construction Mr. Holloway's participation in the trust fund is limited to his personal necessities. Both income and principal are placed under the same limitation and restriction. The testatrix did not intend that her trustee should pay over to her husband either income or principal, unless an emergency arose which demanded them for his personal support, and if such a crisis in his affairs should arise, then she gave her trustee full power to exhaust the entire trust fund, if necessary, in providing for his personal support and maintenance.

The remarks of LOOMIS, J., in giving the opinion of this court in the late case of *Peckham* v. *Lego*, 57 Conn., 555, are applicable here:—" The language necessarily implies a consciousness on the part of the testatrix that she had given only a life estate; but it occurs to her that the income may be so limited and their circumstances so reduced that they may lack the means of comfortable support, and she adds the clause under consideration to meet such an emergency; but this clause was never intended to sweep away the life estate. It was only to be called into play by an emergency —by the *needs* of her beneficiaries. The right to resort to the principal was founded on necessity and restricted by necessity. If it should not be necessary it is all a mere life estate; if it is, then the restriction is that all except the necessary portion so taken remains a mere life estate."

Holloway is presumably self-supporting and possibly possessed of property far in excess of the entire trust estate. So long as he is able to support himself by his own exertions, or has property available for his support, the trustee has no right to pay over to him, on his demand or otherwise, any portion of the income or principal of the trust fund. " The contingency must be his actual need, and not his expectation or opinion of it." *Hull* v. *Culver*, 34 Conn., 405.

The judgment of the trustee must concur with that of

Holloway as to the necessity of the use of either income or principal for his personal necessities. If they differ as to such necessity, or the income or principal of the trust estate should be wrongfully applied to Holloway's use, the Superior Court, as a court of equity, or possibly the probate court, would afford ample protection to all interested in the trust.

We think the foregoing considerations sufficiently answer the second, third, fourth and seventh questions of the complaint.

The fifth and sixth questions relate to the rights of Gideon E. Holloway, Jr., and Vera G. Holloway, his daughter, to share in the trust estate, and may be quickly disposed of.

Neither is entitled to any benefit from the trust fund during the lifetime of Gideon E. Holloway, Sr. After his decease, by the plain provisions of the will, Gideon E. Holloway, Jr., and any children of his by marriage subsequent to the date of the will, stand on equal footing in relation to the trust estate and have equal right to the income of the trust fund for their benefit, maintenance and support, subject only to the discretion of the trustee as to the amount and time of payment; and the existence of a necessity for such application of the trust estate.

We advise the Superior Court that Gideon E. Holloway, Sr., is entitled to be paid nothing by the trustee from the trust estate until such time as the trustee is satisfied that he has need of the same for his personal support; that it is the duty of the trustee to hold the fund, and if not required for the necessary support of Holloway, Sr., to allow the same to accumulate during his lifetime, and upon his decease the trustee may expend so much of the income as he may deem necessary for the benefit, support and maintenance of Gideon E. Holloway, Jr., Vera G. Holloway, and any other children of said Holloway, Jr., entitled to the benefit of the trust.

In this opinion the other judges concurred.