# JOHN A CONANT'S EX'RS *v.* ELLEN H. PALMER ET AL.

*Will. When subsequent conditions modify absolute bequest.*

1. A specific bequest absolute may be modified by a subsequent condition, if such is *plainly* the intent of the testator. An indefinite repugnant condition will be disregarded.

2. The first three clauses of the will contained specific bequests of money. The fourth bequeathed the " remainder of my personal estate, being balance of fifty shares Brandon National Bank stock, after providing for the then last bequests." The fifth was, "if any one or more persons, legatee of this my will, shall not be living at my decease, or the decease of my husband, then the next of kin of such deceased person shall inherit their share, provided they have parents living." The sixth was, "It is my will that my husband, should he survive me, shall have the use and income of my bank stock during his natural life." Her only estate was the bank stock. *Held*, that upon the death of the testatrix the legacies named in the first four clauses vested subject to the life use of the husband.

Bill of interpleader by George Briggs and F. H. Farrington, executors of the will of John A. Conant, against certain persons claiming through the said John A. under the will of his wife, Caroline D. Heard upon pleadings at the September term, 1890, Taft, chancellor.

The bill alleged that Caroline D. Conant deceased first; then Abigail P. Jermain; last, their testator, John A. Conant; that the executors had in their hands the five hundred dollars bequeathed by the first clause of the will of Caroline D. to Abigail P. Jermain, which they were ready to pay to the person entitled thereto; that the administrator of the said Abigail claimed the same in behalf of her estate, and that her next of kin claimed it in their own behalf; wherefore the executors prayed that the respective claimants might interplead, and that the ora-

tors might be discharged in the premises. The respective claim-ants answered, each claiming the fund under the will of Caroline D.

The question for determination under the provisions of that will, fully appear in the headnote and opinion of the court.

The court decreed as follows :

1. "That the said bill of interpleader is properly filed, and that the defendants do interplead and settle the matters in controversy in this suit between themselves.

2. That the orators pay to the clerk of this court said sum of five hundred dollars, with interest thereon from the 18th day of December, A. D. 1887, to the time of such payment; and that upon said payment the complainants be dismissed with their costs to this date to be taxed and paid out of the fund so paid into court.

3. That the said answers of the defendants having been filed, and they thereby having interpleaded, and made their respective claims, it is upon the bill and answers aforesaid further adjudged and decreed, that said legacy of five hundred dollars bequeathed to Abigail P. Jermain, in the said will of Caroline D. Conant, belongs to the estate of said Abigail, and that the same with interest thereon as aforesaid, be paid out of court to Joel C. Baker, as administrator with the will annexed of said Abigail P. Jermain, to be duly administered upon and distributed according to law and the will of said Abigail P. Jermain.

4. That said Joel C. Baker, administrator as aforesaid, recover his costs against those next of kin of said Abigail P. Jermain as have answered the bill, and made adverse claim.

5. That an appeal be allowed to the defendants who have answered and made adverse claims as aforesaid."

The next of kin appeal.

*E. J. Ormsbee,* for the next of kin.

The intent of the testatrix plainly was that the next of kin should take if Mrs. Jermain deceased before the death of both herself and husband. That intent should govern.

*Richardson* v. *Page,* 54 Vt. 373 ; *Hixon* v. *Oliver,* 13 Ves. 111; *Williamson* v. *Daniel,* 12 Wheat. 568 ; *Smith* v. *Bell,* 6 Pet. 68; *McCloskey* v. *Gleason,* 56 Vt. 264 ; *Bowers* v. *Porter,*

4 Pick. 108, 204; *Chaplin* v. *Doty*, 60 Vt. 712; *Williams* v. *Bradley*, 3 Allen 270; *Baxter* v. *Baxter*, 122 Mass. 89; *Barrett* v. *Marsh*, 126 Mass. 213, 216.

*J. C. Baker*, for the estate.

The will must be given that construction which will carry out the intention of the testatrix as expressed in the language of the instrument itself.

*Casey* v. *Casey*, 55 Vt. 513; *In Re* Cushing's Will, 58 Vt. 393; *Randall* v. *Joselyn*, 59 Vt. 557.

The language of the will creates an absolute gift which the estate of Mrs. Jermain would take.

*Stowell* v. *Hastings*, 59 Vt. 494.

A plain provision will not be qualified by a subsequent uncertain condition.

*Thornhill* v. *Hall*, 2 Cl. & Fin. 22; *Collins* v. *Collins*, 40 Ohio St. 353; *Bailey* v. *Sanger*, 9 N. E. Rep. 159; *Hockstedler* v. *Hockstedler*, 9 N. E. Rep. 467.

The opinion of the court was delivered by

START, J. This bill is brought by the executors of the estate of John A. Conant for direction as to the payment of five hundred dollars in their hands as such executors.

A determination of the questions presented necessitates a construction of the following clauses in the will of Caroline D. Conant, formerly the wife of John A. Conant.

1. "I give and bequeath to my sister-in-law, Mrs. Abigail P. Jermain, five hundred dollars, should she survive me."

2. "I give and bequeath to my cousin, Aurora Merriam, wife of John C. Merriam, Logansport, Indiana, one thousand dollars."

3. "I give and bequeath to my sister, Ellen H. Palmer, of Boston, one thousand dollars."

4. "I give and bequeath to my sister, Jane F. Hastings, the remainder of my personal estate, being balance of fifty shares Brandon National Bank stock, after providing for the three last preceding bequests."

5. "It is my will, if any one or more persons, legatees of this my will, shall not be living, at my decease, or the decease of my husband, then the next of kin to such deceased person shall inherit their share, provided they have parents living."

6. "It is my will that my husband, should he survive me, shall have the use and income of my bank stock during his natural life."

Mrs. Jermain survived the testatrix, but did not survive Mr. Conant. It is contended by defendant Abigail J. Bishop, the principal legatee under the will of Mrs. Jermain, that the sum bequeathed to Mrs. Jermain vested on the decease of the testatrix, and was not subject to any use in Mr. Conant. The next of kin contend that the sum so bequeathed never vested in Mrs. Jermain, but, under the fifth clause of the will, in them on the decease of Mr. Conant.

In construing the several parts of this will, the intent of the testatrix is to be ascertained and followed. *Richardson* v. *Paige*, 54 Vt. 373. When the several clauses of the will are read together, it is apparent that the testatrix intended that all of the bequests should be paid out of her bank stock. The first clause of the will makes the bequest to Mrs. Jermain dependent upon her surviving the testatrix. The second, third and fourth clauses contain no conditions. The sixth clause gives the husband of the testatrix the use and income of her bank stock during his natural life. In determining whether the estate bequeathed by the first four clauses was subject to a life use in Mr. Conant, these clauses must be read in connection with the sixth clause, and effect given to all, unless a clear repugnancy exists between them. *McCloskey* v. *Gleason*, 56 Vt. 264. The first four clauses do not indicate any intention on the part of the testatrix to subject the estate thereby bequeathed to a life use in Mr. Conant; but when considered in connection with the sixth clause, such intention is clearly apparent. While it is true that an absolute bequest will not be defeated by a subsequent repugnant clause, it is equally well settled that, if the subsequent clause is plainly a qualification

or condition which was evidently intended by the testator to be read as a part of the preceding clause, it must be so read.  *Chaplain* v. *Doty*, 60 Vt. 715.

In *Clark* v. *Peck*, 41 Vt. 152, Pierpoint, Ch. J., says : " We are not to look to the words alone to ascertain the intent, but the language used is to be considered in connection with the situation of the parties, the surrounding circumstances, the subject matter, the object to be accomplished, etc." When we examine these several clauses in the light of the situation and relation of the parties, the intent of the testatrix is clearly apparent. She desired to provide for her husband during his life, but did not want the principal of her estate to go to his heirs. She wanted her estate to go to her friends and relatives, after her husband was provided for. We hold that the estate bequeathed to Mrs. Jermain was subject to a use in Mr. Conant, and that the same did not become due and payable until after his decease.

The first clause of the will bequeathed to Mrs. Jermain five hundred dollars, provided she survived the testatrix; and this sum, subject to the husband's use, vested in Mrs. Jermain on the decease of the testatrix, unless the bequest is qualified by the further condition contained in the fifth clause. This clause would seem to be repugnant to every preceding clause. When we look for the intention of the testatrix in the light of the relation and situation of the parties, it is difficult to give it any effect. Counsel for the next of kin, who contend that we should give effect to this clause, are unable to tell us what the testatrix intended by the words, " *The next of kin to such deceased person shall inherit their share, provided they have parents living.*" If the sum bequeathed to Mrs. Jermain under the first clause of the will did not vest in her on the decease of the testatrix, then it is difficult to dispose of it under any of the provisions of the will.

In order to qualify a clause in a will that is clear and unmistakable in its terms, by a subsequent clause, the intention of the testator to do so must be clearly apparent. We hold, that the in-

tention to qualify the first clause by the fifth is not apparent; that the fifth clause is uncertain and inconsistent with the first clause and does not qualify it ; and that the bequest to Mrs. Jermain vested in her on the decease of the testatrix, subject to a life use in Mr. Conant.

*Decree of the Court of Chancery affirmed and cause remanded.*