MARTHA M. HALL v. GEORGE W. HALL'S ESTATE.

Special Term at Brattleboro, November, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed January 27, 1911.

*Wills—Construction—Fee or Life Estate—Office of Videlicet.*

The cardinal rule in the construction of wills is that effect is to be given
   to the testator's intention, so far as it can be gathered from the whole
   instrument and can be legally fulfilled; but that intention cannot be
   deduced by mere conjecture, and the established rules of construction
   are to be adhered to.

Where a will devises certain real estate to the testator's widow, "her heirs,
   viz: her children and grand children and assigns", the *videlicet* is not
   repugnant to, but explanatory and restrictive of, the word "heirs",
   and limits the widow's estate to an estate for her life.

A proposition of law in the opinion of a court of error, deliberately made
   after full discussion, and pertinent to the point decided, though not
   essential to its decision, if a *dictum*, is a "judicial dictum", and author-
   itative.

APPEAL from the decree of the probate court distributing
the estate of George W. Hall; Martha M. Hall, appellant.
Heard at the September Term, 1908, Windham County, *Miles*
J., presiding. Judgment affirming the decree of the probate
court. The appellant excepted, the opinion states the case.

*Davis & Davis* for the appellant.

The force of the *videlicet* is not to restrict the estate devised
by the preceding words. *Stukely* v. *Butler*, Hobart, 171-A;
28 Am. & Eng. Enc. Law and Eq. 1st Ed. 452; *Smith* v. *Hastings*,
29 Vt. 240; *Blake* v. *Stone*, 27 Vt. 475; *Gover* v. *Davis*, 29 Beav.222;
*In re Goodyear*, 1 Sw. & Tr. 127; *King* v. *George*, L. R. Div.
435; S. C., L. R. 5 Ch. Div. 627; *In re Fleetwood*, L. R. 15 Ch.
Div. 594; *Bridges* v. *Bridges*, 8 Vin. Abr. Tit. "Devise" 295, par. 13.

*W. W. Stickney, John G. Sargent* and *Homer L. Skeels*
for the defendant.

This will contained a bequest to Martha M. Hall and a certain portion of the heirs of the said Martha M. Hall, and created in her but a life estate. *Clark* v. *Day,* Cro. Eliz. 313; *Giddings* v. *Smith,* 15 Vt. 344; *Brattleboro* v. *Mead,* 43 Vt. 556-568; *In re Estate John Kelso,* 69 Vt. 273; P. S. Sec. 2565.

The *videlicet* has here a restrictive force, limiting the estate to one for lfe. *Begnell* v. *Abnett,* 4 Mod. 141; *Skinner* v. *Andrews,* 1 Saund. 169-170; *Wilson* v. *Mount,* 3 Ves. Jr. 194; *Hone* v. *Medcraft,* 1 Bro. Ch. 261.

HASELTON, J. This is an appeal from the decree of the probate court for the district of Westminster distributing the estate of George W. Hall, deceased. Under the will of George W. Hall, certain pieces of his real estate were decreed to his widow, Martha M. Hall, for life, and in county court, on the construction of the will, judgment was rendered affirming the decree of the probate court. The only question made in county court was whether the real estate in question should have been decreed to the widow in fee simple instead of for life. That is the question brought before us by an exception taken to the judgment of the county court, and is the sole question here considered.

The parcels of real estate with which this case is concerned were devised "to said Martha M., her heirs, viz: her children and grandchildren and assigns". The cardinal rule in the construction of wills is that effect is to be given to the intention of the testator so far as it can be gathered from the whole instrument and can be legally carried out. So true is this that according to an observation of Lord Mansfield it has often been said to be "a sort of paradox" to cite cases upon the construction of wills. But in the context Mansfield further said that the intent cannot be gathered by conjecture, and that established rules of construction are to be adhered to unless they are manifestly inconsistent with the intent of the testator. *Pistole* v. *Richardson,* 3 Dougl. 361.

And again, while laying down the duty of the court to construe a will according to the intent of the testator, he emphasized the truth that a court must not in that matter act upon mere conjecture. *Chapman* v. *Brown,* 3 Burr. 1626.

These rules were declared for the sake of certainty which, as was said by Sir James Burrow in the preface of his reports, is "the mother of security and peace." The principles thus expressed have uniformly governed the construction of wills in this Court. *Harris* v. *Harris' Estate*, 82 Vt. 199, 205, 72 Atl. 912; *Shepard* v. *Shepard*, 60 Vt. 109, 116, 14 Atl. 536; *McCloskey* v. *Gleason*, 56 Vt. 264, 267, 48 Am. Rep. 770; *Richardson* v. *Paige*, 54 Vt. 373; *Giddings* v. *Smith*, 15 Vt. 344; *Chaplin* v. *Douty*, 60 Vt. 712, 15 Atl. 362; *Conant* v. *Palmer*, 63 Vt., 310, 21 Atl. 1101.

Thus much has been said because the will in question contains several clauses, and because both sides to this controversy refer to other parts of the will as supporting their respective claims as to the construction of the provision immediately under consideration; and because from a careful reading of the entire will we find nothing elsewhere than in the clause to be construed, to give rise to more than the merest conjectures as to the intention of the testator in drawing this clause, and because such mere conjectures are conflicting.

We have then to determine whether as is claimed Martha M. Hall took an estate in fee simple by virtue of the phrase ' to said Martha M., her heirs, viz: her children and grandchildren and assigns." It is claimed by the appellant that the words "viz: her children and grandchildren" are void on the ground that they are repugnant to what precedes them. If they are so the appellant took an estate in fee simple. It is claimed in behalf of the defendant estate, and the court below held, that those words are not repugnant but explanatory and restrictive, and that the result of the whole clause, so far as it concerns the appellant, is that she takes a life estate only.

The appellant claims that a note of Sergeant Williams appended to Dakins' case, 2 Saunders, 290, 291, has been the cause of much error and that this alleged error governed the court below in this case. The note in question is this: "So a *videlicet* may sometimes restrain the generality of the former words, where they are not express and special, but stand indifferent, so as to be capable of being restrained without apparent injury to them; as if lands be granted to a man and his heirs, that is to say, the heirs of his body, it is an estate tail." Hobart,

175, *Stukely* v. *Butler,* is cited by the annotator, but the appellant says that the passage is a mere dictum of the annotator. If this were correct it would be high authority, for the notes of Sergeant Williams to the cases in Saunders have received frequent, uniform, and almost unqualified praise from the bench in England and in America. To cite a conspicuous instance, Lord Eldon referred to these notes in the House of Lords, and said that while Sergeant Williams held no judicial position it would be sufficiently flattering to any one in such a position to have it said of him that he was as good a common lawyer as the Sergeant; "for," said Eldon, "no man ever lived to whom the character of a great common lawyer more perfectly applied." 3 Dow. 15.

But the passage from the note of Sergeant Williams is not a dictum of his; but is made up of two propositions of Lord Hobart in the case of *Stukely* v. *Butler,* to which the note refers. For there in one place Lord Hobart says that "a 'viz.' may work a restriction where the former words were not express and special, but so indifferent as they may receive such a restriction without apparent injury; though those former words by construction of law would have had a larger sense if the 'viz' had not been." And in another place in the opinion he says: "If I grant land to one and his heirs, viz: the heirs of his body, it is an estate tail." It is true that the case did not require all this to be said, but it did require a construction of a *videlicet* as used in an instrument to be construed, and the conclusion was reached through exhaustive and luminous discussion of the office of a *videlicet* pertinent throughout to the point decided. If the doctrine laid down by Lord Hobart is to be treated as a dictum it was not "obiter" but judicial and of high authority. *Derosia* v. *Ferland,* 83 Vt. 372, 381, 76 Atl. 153, 28 L. R. A. (N. S.) 577.

It was indeed like many of the "resolutions" or "rules" to be found in Coke's Reports, not necessary to the decision of the particular case in which they respectively are found but which, nevertheless, constitute in considerable measure the wealth of the common law.

The doctrine stated by Lord Hobart and restated by Sergeant Williams has been reiterated by many text writers and has been the basis of numerous decisions, and we entertain

no doubt of its soundness. Very clearly, too, it applies here and since the words "children and grandchildren" designate a class of heirs, they operate to limit the estate of the appellant to an estate for life unless they are prevented from having that effect by the words "and assigns" which follow them. The effect of the words "and assigns" was not referred to in argument but we have given those words due consideration. In respect to them the case of *Thompson* v. *Carl*, 51 Vt. 408, is much in point. There the question was as to the construction of a deed of land to "Betsey Thompson, and her legal heirs by Samuel Thompson, Jr., and assigns forever." The habendum was "to have and to hold to the said Betsey her heirs and assigns," and the covenant was with the said Betsey her heirs and assigns. It was held that the granting part of the deed created what would have been an estate tail at common law, and that so under our statute Betsey Thompson took only a life estate. It was there held that the use of the words "and assigns" might as well mean the assigns of the designated heirs as of the first taker, or that the words "and assigns" might properly mean the assigns of the first taker or of her specified heirs of such estate as each took and so could assign. It is true that the rules governing the construction of deeds are in some respects more technical then the rules applicable in the construction of wills. But in the case referred to the words "and assigns" are considered for their bearing upon the question of what grant was actually intended to be made, and we think that here as there they do not modify the meaning of the associated words and that counsel were justified in basing no argument upon their use.

*Johnson* v. *Whiton*, 159 Mass. 424, 34 N. E. 542, is a case somewhat relied on by the appellant. There a testator devised and bequeathed an estate to a granddaughter "and her heirs on her father's side." It was considered that the testator had attempted to create a new kind of inheritance, and the qualifying words were treated as of no force, and were rejected in accordance with what is said by Littleton: "If a man give lands or tenements to another to have and to hold to him and to his heirs males, or to his heirs females, he, to whom such a

gift is made, hath a fee simple, because it is not limited by the gift of what body the issue male or female shall be, and so it cannot in any wise be taken by the equity of the said statute, and therefore he hath a fee simple." Litt. Tenures, §31.

By "the said statute" Littleton refers to the Statute of Westminister, 13 Edward I, Chap. 1, (1285).

We are also referred to *Smith* v. *Rice*, 183 Mass. 251, 66 N. E. 808. In that case an estate was devised to a son "to have and to hold the same to him, his heirs, assigns, executors and administrators, to his and their use and behoof forever." The words quoted were apt to convey a fee simple, and the court so held, and found no foundation for the claim made that they showed an intention to convey an estate tail or that at common law they could have had that effect. The conclusion of the court was an obvious one.

Several Kentucky cases are cited by the appellant and more from that state might be referred to, for this subject has many times been forced upon the attention of the supreme court of Kentucky and the individual cases there arising have been dealt with in accordance with sound and sensible doctrines. We note that there, when a devise is to a wife and her children, whatever the form of the expression used, it is, with that court, to use its own language,''the constant and uniform tendency * * * * to hold that the wife takes a life estate only, and that the children take in remainder." In the absence of anything in the instrument to indicate a different intention that court infers that where a wife and children are named such a holding is more consonant than any other with the wishes of the testator. *Hood* v. *Dawson*, 98 Ky. 295, 33 S. W. 75.

We do not go outside of the very question raised and argued, the question of what estate the widow Martha M. Hall took under the clause considered. That question was decided by the probate court, and by the county court, in accordance with the sound principles governing our own cases, those herein cited and others, and accordingly

*Judgment is affirmed. Let the result be certified to the probate court.*