JULIUS M. CROSSMAN v. NELLIE CROSSMAN'S ESTATE ET AL.

May Term, 1927.

Present:   WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Wills—Intention of Testator—When Subsequent Clause of Will Must Be Read as Part of Preceding Clause—Right of Testatrix To Fix Terms of Gift—Right of Beneficiary To Accept Gift under Will or Reject and Stand on Rights under Statutes of Descent and Distribution—Presumption as to Gift of Estate Being Beneficial and as to Acceptance by Beneficiary—Effect of Beneficiary's Acceptance of Conditional Gift under Will.*

1.  In construing will, primary purpose is to ascertain therefrom testator's intent, which having been ascertained, if lawful, court then has duty of carrying into effect.
2.  Where subsequent clause of will was evidently intended by testatrix as qualification or condition to be read as part of preceding clause, it must be so read.

3. . Included in testatrix's power to give, is right to withhold or to fix terms of her gift, provided only that they be not contrary to public policy, or otherwise in violation of law.

4. Where gift by will was upon condition annexed thereto that it was given in full of all rights and legacies to which beneficiary might be entitled by laws of descent, or otherwise, at testatrix's decease, beneficiary had right to accept it as affected by condition, or to reject it and stand upon his rights under statutes of descent and distribution.

5. . *Prima facie*, every estate, whether given by will or otherwise, is supposed to be beneficial to party to whom it is given, and estate so given being for his benefit, he is presumed to assent to it until contrary appears.

6. Where beneficiary accepted gift made upon condition annexed thereto that it was given in full of all rights and legacies to which he might be entitled by laws of descent, or otherwise, he thereby yielded every right inconsistent with terms of gift, and was not entitled to take under statutes of descent and distribution any share in residue of estate not disposed of by will, since no one is allowed to disappoint a will under which he accepts a benefit.

APPEAL to Supreme Court from decree of distribution in Estate of Nellie Crossman, by probate court of District of Rutland, Julius M. Crossman, son and heir at law of deceased, appellant. The opinion states the case. *Affirmed and certified to probate court.*

*George M. Goddard* and *Charles L. Howe* for the appellant.

*B. H. Stickney* and *Lawrence, Stafford & Bloomer* for the appellees.

STATEMENT BY CHIEF JUSTICE WATSON. At the time of her death, Nellie Crossman left a last will and testament, dated March 9, 1918, the proper execution and probate of which have not been questioned, consisting exclusively of three paragraphs —omitting the formal beginnings and endings—as follows:

"First: I give, devise and bequeath to my son Julius M. Crossman all my right, title and interest which I have, or may claim to have at the time of my decease, in the following de-

scribed property:—A house and two lots situated on Horton Street, so-called, in said City of Rutland; and known as No. 260 Horton Street and the lot adjoining, being the same property on which I hold a mortgage for Sixteen Hundred ($1,600) Dollars, executed to me by the said Julius M. Crossman, bounded on the North by property of the said Julius M. Crossman; on the East by the Rutland Fire Clay Company; on the South by land owned by Emma M. Murther, and on the West by the highway known as Horton Street.

"Second: In case that my said son, Julius M. Crossman is not living at the time of my decease, I give, devise and bequeath the above described property and interests to Evelyn P. Crossman, wife of the said Julius M. Crossman.

"Third: It is my will that the legacy to my son, Julius M. Crossman and Evelyn P. Crossman as contained and set forth in paragraphs, number first and second of this will, be given and received by the said Julius and Evelyn Crossman in full of all rights and legacies to which they might be entitled, according to the laws of descent, or otherwise, at my decease."

There was no residuary clause.

A decree of distribution of the estate was made by the probate court, which states that it appears by the records and files of the court that after the payment of the debts and funeral charges of the deceased and the expenses of administration of her estate, and after distribution of furniture, duly appraised at the value of $250.00, among her heirs, there remains in the hands of the administrator, as the residue and surplusage of said estate, the following: "Premises situated at No. 102 Gibson Avenue, in the City of Rutland, duly appraised by the appraisers of said estate at the value of $6,000.00, and the sum of $83.52 in money;"

That it further appears by the records and files of the court that there is now recorded in Book 28, page 459, of the Land Records of the city of Rutland, a certain mortgage deed given by Julius M. Crossman and Evelyn P. Crossman to the decedent, Nellie Crossman, upon premises described as follows: "Beginning in the east line of Horton St., so-called, at a point 240 feet southerly from the south line of Curtis Ave., so-called, and running thence southerly along the east line of Horton Street 120 feet; thence easterly and parallel with Curtis Ave. 150 feet; thence northerly and parallel with Horton Street 120

feet; thence westerly and parallel with Curtis Ave. 150 feet; to the place of beginning.'' Which said mortgage was given to secure the payment of a certain promissory note for the sum of $1,600.00 dated March 14, 1916, payable to the order of said Nellie Crossman in installments of at least $100.00 each year, with the right to make additional payments at any time, until said note is fully paid, together with interest at the rate of five per cent. per annum according to the tenor and effect of said note, which mortgage bears date March 14, 1916, and has never been discharged of record;

That said Nellie Crossman, deceased, left surviving her no husband; but left as heirs at law and only next of kin, three children, namely, Julius M. Crossman (appellant), Warren J. Crossman, and Nellie J. Ballard.

The Probate Court decreed to said Julius M. Crossman ''all the right, title and interest which the said Nellie Crossman had, or may claim to have had, at the time of her decease, in the above described property known as 260 Horton Street and the lot adjoining. To have and to hold the same as aforesaid, to said Julius M. Crossman, his heirs, executors, administrators and assigns forever, according to the terms of said will and according to law.''

The said court further decreed that the said ''residue and surplusage'' of the estate of said Nellie Crossman, above described, passes to and vests in said Warren J. Crossman and said Nellie J. Ballard, children of the deceased, ''as intestate estate,'' according to the law of descent of intestate estate in force at the time of the decease of said Nellie Crossman, in the following shares and proportions: ''To each an undivided one-half interest in the above described premises situated in the City of Rutland at 102 Gibson Avenue, and to each the sum of $41.76 in money. To have and to hold the same as aforesaid to said Warren J. Crossman and Nellie J. Ballard, and each of them, and each of their heirs, executors, administrators and assigns forever.''

From the foregoing decree of distribution, an appeal was taken by said Julius M. Crossman, and in connection with the filing of such appeal he set forth in writing his objections and exceptions to that part of the decree distributing the residue of said estate, decreeing and directing the distribution of said residue to Warren J. Crossman and Nellie J. Ballard, children

of the deceased, thereby denying to the appellant, and depriving him from, all participation therein; "for that the same is contrary to the statutes of this State relative to the distribution of intestate estates." On such appeal the case is now in this Court for review.

WATSON, C. J.     [1]     The real question in this case is, whether, under the provisions of the will, the appellant is entitled to a distributive share of the "intestate estate." Its determination involves the construction of that instrument. In *Shepard's Heirs* v. *Shepard's Estate,* 60 Vt. 109, 14 Atl. 536, this Court said: "All the principles of construction are only aids in ascertaining, with certainty, the intention of the testator as found in the will itself. When that intention, if lawful, is once ascertained, it is the duty of the court to declare and enforce it. One of the most helpful principles of construction in ascertaining the intention of the testator is, to give force and effect to every clause of the will. It is not to be presumed that he used an unnecessary word, or one to which no proper force can be given." In *Richardson* v. *Paige,* 54 Vt. 373, it is said that in giving construction to a will, the intent of the testator is to be ascertained and followed. The fact that the appellant is a co-heir at law with his brother and sister, and as such stands as one of the three persons to whom, in equal shares, the estate of inheritance would ordinarily descend, is not conclusive of the legal consequence for which he contends in this case.

[2]     The gift to Julius M. and Evelyn P. as contained and set forth in the first and second paragraphs of the will in question, is by the third paragraph to "be given and received by" them "in full of all rights and legacies to which they might be entitled, according to the laws of descent, or otherwise," at testatrix's death. Plainly this latter clause constitutes a condition which evidently was intended by the testatrix so to attach to the gift of the former clause as to be a part of it and to control the terms on which it was made by her and to be accepted by the beneficiaries. In *Chaplin* v. *Doty,* 60 Vt. 712, 15 Atl. 362, it is said to be "an elementary rule of construction that an absolute gift in a will, will not be defeated by a subsequent repugnant clause. If the subsequent clause is plainly a qualification or condition, which evidently was intended by the testator to be read as part of the preceding clause, the rule is

different. It makes little difference in the construction whether the granting clause itself is in form conditional; or the condition is annexed to a clause in form absolute. The test is, what did the testator mean by the language he uses." To the same effect is *Executors of Judevine* v. *Judevine,* 61 Vt. 587, 18 Atl. 778, 7 L. R. A. 517. And if, as in the instant case, it be plain that the subsequent clause was evidently intended by the testator as a qualification or condition to be read as a part of the preceding clause, it must be so read. *Conant's Ex'rs* v. *Palmer,* 63 Vt. 310, 21 Atl. 1101.

[3] Included in the testatrix's power to give, she had the right to withhold or to fix the terms of her gift, provided only that they be not contrary to public policy, or otherwise in violation of law. 28 R. C. L. 310; *Magee* v. *O'Neill,* 19 S. C. 170, 45 A. R. 765; *Holmes* v. *Connecticut Trust & Safe Deposit Co.,* 92 Conn. 507, 103 Atl. 640, L. R. A. 1918E, 368; *In re Holbrook,* 213 Pa. St. 93, 62 Atl. 368, 2 L. R. A. (N. S.) 545, 110 A. S. R. 537, 5 Ann. Cas. 137. The terms of the gift made were not subject to such objection, and no such objection has been interposed.

In his supplemental brief appellant, referring to the will, says "it is clear that" the testatrix "intended to give to her son Julius, or in case of his decease to his wife Evelyn, the legacy therein expressed, and it is equally clear that she intended to deprive them and each of them of all further participation in her estate, but did she, either in express terms or by necessary implication, intend to dispose of all her estate by this will? Certainly not." In this connection appellant says it appears from the third paragraph of the will that she had other estate to which she understood that Julius and Evelyn might be entitled under the law or otherwise, at her decease, "and it is to this estate that her attempted disinheritance of her heir at law Julius applies."

[4] The gift by will to the appellant being upon the condition annexed thereto, he had a right to accept it as affected by the condition, or to reject it and stand upon his rights under the statutes of descent and distribution. He had the choice between those two inconsistent rights, for it clearly was the intention of the testatrix that he should not enjoy both. *Meech* v. *Meech's Estate,* 37 Vt. 414; *Well's Estate* v. *Congregational*

*Church,* 63 Vt. 116, 21 Atl. 270; *In re Blackmer's Estate,* 66 Vt. 46, 28 Atl. 419; 28 R. C. L. 328, 329.

[5, 6]    The record contains nothing showing non-acceptance of the gift by the appellant, and none is claimed in his behalf. As this question stands, the law applicable thereto is stated as follows: "The rule is that *prima facie,* every estate, whether given by will or otherwise, is supposed to be beneficial to the party to whom it is given. And the estate so given being for his benefit, he is presumed to assent to it until the contrary appears." *Church's Exr.* v. *Church's Estate,* 80 Vt. 228, 67 Atl. 549; *Harris* v. *Harris's Estate,* 82 Vt. 199, 72 Atl. 912. The appellant having accepted the gift under the will,—quoting further from the Church Case,—"he thereby in legal effect assented to all the terms and conditions annexed to it, and yielded every right inconsistent with such terms and conditions. One who accepts of a devise or bequest does so on condition of conforming to the will, and is bound to give full effect to that instrument so far as he can, whether the testamentary provision accepted be in lieu of some right, or as a mere bounty. No one is allowed to disappoint a will under which he accepts a benefit." See, also, *In re Lawrence's Will,* 93 Vt. 424, 108 Atl. 387.

The foregoing holdings as to the appellant's acceptance of the gift, and as to the effect of such acceptance upon him in law, are decisive of the case, and render unnecessary the consideration of further questions presented in his briefs.

*Decree of distribution of the probate court is affirmed.    Let the appellee recover its costs in this Court.    To be certified to the probate court.*