IN RE CLARA S. ROBINSON'S WILL.

November Term, 1928.

Present: WATSON, C. J., POWERS, SLACK, MOULTON, and CHASE, JJ.

Opinion filed January 24, 1929.

*E. A. Cook* and *Searles, Graves & Waterman* for appellant Davis.

*Erwin M. Harvey,* commissioner of taxes, for the State.

*J. W. Redmond* for the appellee.

POWERS, J. This is a direct appeal from a decree of the probate court making final distribution of the estate of the late Clara S. Robinson. Some suggestion is made that the appeal is defective in the manner of its taking; but the statute provides (G. L. 3451) that such appeals as this may be taken to this Court "in the manner provided in cases of appeals from the court of chancery." Chancery appeals are effected by motions filed with the clerk of that court—without more. *Hyde Park v. St. J. & L. C. R. R. Co.,* 84 Vt. 326, 79 Atl. 873; *Gove v. Gove's Admr.,* 87 Vt. 468, 470, 89 Atl. 868. So under a statute quite like the one here involved, appeals from the orders of the Public Service Commission are taken by motions filed with its clerk. *Hyde Park v. St. J. & L. C. R. R. Co.,* 83 Vt. 562, 563, 77 Atl. 913. Such motions, though informal or inaccurate, are sufficient to bring up the case. *Bufton v. Crane et ux.,* 101 Vt. 276, 143 Atl. 382, 383.

Clara S. Robinson died testate, leaving an estate amounting to about $37,000. By her will, after making several specific

bequests, she disposed of the bulk of her property by a clause reading as follows: ''I will and bequeath to Carroll A. Davis the residue of my property, to be used for his own personal benefit in so far as he requires it, if there should be any of my estate left after his death, then it is my will that the residue of my estate be converted into money and the same be holden in trust by the trustees of the Orleans County Memorial Hospital Association, the income to be used for the general purposes of the Hospital.''

The question submitted to us is, What did Davis take under this will?

It is claimed in his behalf that he takes a fee in the residue, and that the attempted gift over is void for repugnancy. Or, if this claim is untenable, he takes, it is argued, a life estate in the residue with the right to consume so much of it as he may desire. The hospital disputes both these claims, and takes the position that he gets nothing but a privilege of resorting to this property, principal or interest, if and when, after exhausting his own resources, his necessities require.

We quite agree with counsel for the hospital when he argues that the only office of judicial construction is to remove doubt and uncertainty. It is the settled doctrine of our decisions that where the terms of a writing, whatever its character, are plain and unambiguous, there is no room for construction and it is to be given effect according to its own language. We agree, too, that the use of a term susceptible of two or more meanings does not necessarily make the meaning of the sentence in which it appears ambiguous or doubtful. Apt illustrations of cases of this kind were suggested at the argument. But as Mr. Justice Holmes says, ''A word is not a crystal, transparent and unchanged; it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used.'' *Towne* v. *Eisner*, 245 U. S. 418, 425, 62 L. ed. 372, 376, 38 Sup. Ct. 158, 159, L. R. A. 1918D, 254. And, though the claim of the hospital was presented with much confidence, we cannot agree that the meaning of this residuary clause is so clear and unmistakable as to render our services unnecessary. In reaching this conclusion, we are only adopting the attitude of the court in *Hull* v. *Holloway*, 58 Conn. 210, 20 Atl. 445, 446—a case much relied upon by the hospital— wherein the clause under consideration was in much the same

terms as the one before us, which terms the court characterized as "ambiguous language."

 The following propositions are unquestionably established as the law: (1) Where property is given by will to one absolutely, together with the power, express or implied, of unlimited disposition of it, and by another clause of the will it is attempted to give over an undisposed-of remainder of the property, the limitation over is void for repugnancy; because, if you give a fee, you cannot curtail its essential attributes. (2) Where a life estate only is given, and the life tenant is endowed with the power of disposition, the limitation over of such of the property as remains undisposed of by the life tenant at his death is valid. *Stowell* v. *Hastings,* 59 Vt. 494, 496, 8 Atl. 738, 59 A. R. 748; *Judevine's Exrs.* v. *Judevine,* 61 Vt. 587, 593, 18 Atl. 778, 7 L. R. A. 517; *Morse* v. *Stoddard's Estate,* 90 Vt. 479, 485, 98 Atl. 991. (3) Even when an absolute estate is in terms given by the will, if subsequent passages therein plainly show that it was intended that the beneficiary should take a life interest only, the gift is restricted accordingly. *McClosky* v. *Gleason,* 56 Vt. 264, 267, 48 A. R. 770; *Stowell* v. *Hastings, supra; Conant's Exrs.* v. *Palmer,* 63 Vt. 310, 313, 21 Atl. 1101; *Chaplin* v. *Doty,* 60 Vt. 712, 715, 15 Atl. 363; *Judevine's Exrs.* v. *Judevine, supra; Crossman* v. *Crossman's Estate,* 100 Vt. 407, 411, 138 Atl. 730. (4) Where the estate given is not especially limited to the life of the donee, it may be enlarged into a fee by an unlimited power of disposition. *Stowell* v. *Hastings, supra; Parks' Admr.* v. *American Home Missionary Soc.,* 62 Vt. 19, 22, 20 Atl. 107. (5) A qualified power of disposition does not create a fee-simple estate, whether it be annexed to a life estate expressly given or to a general devise which does not specify the quality of the estate. *Id.; Shaw* v. *Hughes,* 12 Del. Ch. 145, 108 Atl. 747, 750; *Brookover* v. *Branyan,* 185 Ind. 1, 112 N. E. 769, 770; *Stuart* v. *Walker,* 72 Me. 145, 39 A. R. 311.

In the application of these rules, much perplexity has been experienced by the courts. It is difficult to reconcile the decided cases, and those in the same jurisdiction frequently appear to be inconsistent. Such inconsistency is more apparent than real, and not to be wondered at. No two wills are exactly alike, *Morse* v. *Stoddard's Estate, supra,* and each is to be construed by itself and not by other wills, *In re Keniston's Will,* 73 Vt. 75, 83, 50 Atl. 558; and it is recognized that it is more or

less paradoxical to cite cases on their construction. *Hall* v *Hall's Estate*, 84 Vt. 259, 260, 78 Atl. 971.

The one rule of construction to which all others are servient and assistant is that the meaning intended by the testator is to be ascertained and given effect, in so far as legally possible. To determine such meaning, the court is to take the instrument by its four corners, consider it in all its parts, and give effect to its language read in the light of the relation of the parties concerned and the circumstances attending its execution. Effect is to be given to all its provisions, if they can be so reconciled as to make them lawful. So here, the testatrix having, in this residuary clause, manifested an intention to confer one benefit on Davis and another on the hospital, it is our duty to so construe her language as to effectuate that intention, unless it is legally impossible for the two provisions to subsist together. *Hibbard* v. *Hurlburt*, 10 Vt. 173, 178.

That Mrs. Robinson intended to make Davis the primary object of her bounty is apparent. For, whatever the quality of his interest turns out to be, certain contingencies may arise which would enable him to entirely defeat the attempt to benefit the hospital. That she intended to confer upon him something less than a fee in the residue seems equally plain, because she added to the bequest the clause "in so far as he requires it,"— which would be inappropriate and superfluous if she intended to confer the absolute title. Davis takes what he requires; the rest goes to the hospital. Davis must assert his rights during his lifetime in order to make them complete. It makes no practical difference with his situation whether his interest under the will is technically an estate or a power, or both. It is a right, vested and available, though it expires at his decease. This view gives effect to both benefactions according to the manifest purpose of the testatrix.

This brings us to the important question in the case: What does the term "requires" as here used, signify?

That it is a word of various meaning, one of which is *needs*, and another is *demands*, is conceded. In *Hall* v. *Holloway*, *supra*, a case much like this one, the word "require" was given the former significance; in *Blair* v. *Blair*, 82 Kan. 464, 108 Pac. 827, another will case, the latter significance was ascribed to it. Neither of these cases is decisive here. None of our own cases is. Our decision must be reached by a study of the record before

us. Upon a full consideration, we hold that it was the intention of the testatrix to give Davis a pretty free hand in the use and consumption of the residue of her estate. To accomplish this, she used the word "requires" in the sense of *demands*. The clause in question means just what it would if it read, *in so far as he calls for it, or in so far as he desires to make use of it.* Thus read it confers upon Davis a wide but not unlimited discretion. The property can be used only for his "personal benefit." This does not limit him to so much as is necessary for his support. The term "benefit" is much broader than the term "support." *Colburn* v. *Burlingame,* 190 Cal. 697, 214 Pac. 226, 27 A. L. R. 1374, 1379. Indeed, it is so comprehensive that in *Stowell* v. *Hastings, supra,* it was said by this Court that the word "benefit" and its synonyms "mean any purpose to which the absolute owner of property can devote it." Whatever may be said of this definition as applied to that case, it is too broad to fit this one. Here the power to consume the property is not unlimited. What Davis uses up must be expended for his benefit. The hospital takes a vested interest in whatever may remain at his death. *In re Carter's Will,* 99 Vt. 480, 481, 134 Atl. 581; *Trustees* v. *Mize,* 181 Ky. 567, 205 S. W. 674, 2 A. L. R. 1237, 1241; *Olsen* v. *Weber,* 194 Iowa, 512, 187 N. W. 465, 27 A. L. R. 1370, 1372. How far Davis may go in exhausting the property will depend upon a variety of circumstances which it is impossible to anticipate. It is enough here to say that he is not obliged to restrict himself to his present scale of living, or to resort to his own or his wife's industry or resources. He cannot squander the property to keep it away from the hospital; he cannot give it or will it away. In his calls upon the estate he must act reasonably and in good faith toward the hospital. See *Shapleigh* v. *Shapleigh,* 69 N. H. 577, 44 Atl. 407; *Bevans* v. *Murray,* 251 Ill. 603, 96 N. E. 546; *Weston* v. *Second Orthodox Congregational Soc.,* 77 N. H. 576, 95 Atl. 146; *Parks* v. *American Home Missionary Soc.,* 62 Vt. 19, 20 Atl. 107; *Farlin* v. *Sanborn,* 161 Mich. 615, 126 N. W. 634, 137 A. S. R. 525; *Huston* v. *Craighead,* 23 Ohio St. 198; *Perkinson* v. *Clarke,* 135 Wis. 584, 116 N. W. 229.

The commissioner of taxes appeals from the decree of the probate court on the ground that it should provide for the payment of the inheritance tax on Davis' bequest. By No. 30, Acts of 1925, it is made the duty of the probate court to

make the amount of this tax a part of the final decree of distribution of the estate. This was not done, and upon a remand the new decree should include it. No question as to the amount of this tax is before us.

■ There was no legal error in the appointment of a trustee to handle this property. The testatrix might have so given it that Davis would be entitled to its possession and management; but she did not. Therefore, by force of the statute (G. L. 3487) the probate court was authorized to appoint a trustee. *Morse* v. *Stoddard's Estate,* 90 Vt. 479, 486, 98 Atl. 991. The application for such appointment was addressed to the discretion of the probate court, and there is no claim made that its discretion was abused.

*Decree reversed, and cause remanded for further proceedings and decree in accordance with the views herein expressed. Let Davis recover his costs in this Court. To be certified to the probate court.*